J-S25023-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CHARLES D. HEFFELFINGER, JR. | : | |
| | : | |
| Appellant | : | No. 1786 MDA 2018 |

Appeal from the Judgment of Sentence Entered October 11, 2018
In the Court of Common Pleas of Schuylkill County Criminal Division at
No(s): CP-54-CR-0000532-2017


BEFORE:  STABILE, J., MURRAY, J., and MUSMANNO, J.

MEMORANDUM BY MURRAY, J.:                              **FILED JUNE 11, 2019**

Charles D. Heffelfinger, Jr. (Appellant) appeals from the judgment of sentence imposed after a jury found him guilty of simple assault, aggravated assault, and recklessly endangering another person (REAP).[1]  On appeal, Appellant claims that the evidence was insufficient to support his aggravated assault and REAP convictions.[2]  Upon review, we find that Appellant's issues are waived, and therefore affirm the judgment of sentence.

---

[1] 18 Pa.C.S.A. §§ 2701, 2702 and 2705.

[2] Although this Court granted Appellant's request for an extension of time to file a brief, he filed his brief one day late.  However, the Commonwealth has not objected.  **See** Pa.R.A.P. 2188 (if appellant fails to file a brief within the time prescribed by these rules, or within the time as extended, appellee may move for dismissal of the matter).

At trial, the Commonwealth presented evidence that on February 12, 2017, Gary Riedel (the victim), his wife Melissa Riedel, and their friends Troy and Lisa Meckes, were socializing at the Pine Street Pub. While there, Troy Meckes saw his neighbors, Appellant and Appellant's father, Charles Heffelfinger, Sr. Mr. Heffelfinger, Sr. was subsequently asked to leave the bar due to his high level of intoxication. Troy Meckes offered to drive him home, and the victim rode in the car with them.

When the three men arrived at the home of Mr. Heffelfinger, Sr., Appellant, who also was intoxicated, was at the home and confronted Troy Meckes and the victim about not offering him a ride home as well. A heated argument ensued between Appellant and the victim. Troy Meckes attempted to get the victim back into the car, and Mr. Heffelfinger, Sr. attempted to intervene and "break things up." N.T. Trial, 8/22/18, at 72 (testimony of Troy Meckes). The victim then took off his shirt and approached Appellant, who in turn brandished a gun. The victim turned to run but Appellant fired the gun twice, hitting the victim in the back. The bullet exited the victim's torso and he survived. The other bullet hit the tire of a car parked across the street. Appellant's mother, Yvonne Heffelfinger, testified that she was home at the time and was awakened by the skirmish.

Appellant was charged with attempt to commit murder,[3] aggravated assault-serious bodily injury, aggravated assault-deadly weapon,[4] simple assault-bodily injury, simple assault-deadly weapon,[5] and REAP — all with respect to the victim. Appellant was also charged with two additional counts of REAP with respect to his father and Troy Meckes.

The case proceeded to a jury trial on August 22 and 23, 2018. The Commonwealth presented the testimony of the victim, the victim's wife, Troy Meckes, and two police officers, consistent with the factual summary set forth above.

Appellant, who was represented by current counsel, Kent Watkins, Esquire, of the Schuylkill County Public Defender's Office, testified in his defense. He also offered the testimony of both of his parents. The trial court summarized:

> Both [of Appellant's] parents were present and witnessed the shooting. The father, who was highly intoxicated at the time of the incident, testified that the victim was the aggressor. The mother seemed to suggest the shooting was accidental while the victim and [Appellant] were struggling for [Appellant's] gun, which had been knocked to the ground. [Appellant's] testimony seemed to characterize the shooting as both accidental and in self-defense.

---

[3] 18 Pa.C.S.A. §§ 901(a), 2502. The Commonwealth initially charged Appellant with attempt to commit third-degree murder, but was subsequently granted leave to amend the charge to attempt to commit first-degree murder.

[4] 18 Pa.C.S.A. § 2702(a)(1), (4).

[5] 18 Pa.C.S.A. § 2701(a)(1), (2).

Trial Court Opinion, 11/28/18, at 3.

The jury found Appellant guilty of the two counts of aggravated assault, which, as noted above, arose under different subsections of the aggravated assault statute; two counts of simple assault, which likewise arose under different subsections of the simple assault statute; and three counts of REAP. On October 11, 2018, the trial court sentenced Appellant to an aggregate term of 6 to 12 years of imprisonment.

Appellant did not file a post-sentence motion, but took this timely appeal. In a timely response to the trial court's order to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal, Appellant filed a statement which set forth, *inter alia*, the following issues:[6]

> 1. The Commonwealth did not provide sufficient evidence to support a conviction for aggravated assault.

> 2. The Commonwealth did not provide sufficient evidence to support a conviction for recklessly endangering another person as to any persons other than the victim.

Appellant's Concise Statement of Matters, 11/19/18.

The trial court issued an opinion on November 28, 2018, stating that it could not respond to Appellant's sufficiency issues because Appellant failed to specify "the element or elements for which [Appellant] contends the evidence

---

[6] Appellant's Rule 1925(b) statement raised a third issue, alleging that the trial court erred in allowing the Commonwealth to amend the attempt-to-commit murder charge. **See** n.3, **supra**. However, Appellant has abandoned this issue in his brief.

was insufficient." Trial Court Opinion, 11/28/18, at 1.

On appeal, Appellant restates his sufficiency claims as follows:

1. Did the Commonwealth fail to provide sufficient evidence to support a conviction for aggravated assault?

2. Did the Commonwealth fail to provide sufficient evidence to support a conviction for recklessly endangering another person as to any persons other than the victim?

Appellant's Brief at 4.

At the outset, we consider the trial court's suggestion that Appellant has waived both of his sufficiency claims due to a deficient Rule 1925(b) statement. This Court has stated:

when challenging the sufficiency of the evidence on appeal, the Appellant's 1925 statement must "specify the element or elements upon which the evidence was insufficient" in order to preserve the issue for appeal. Such specificity is of particular importance in cases where, as here, the Appellant was convicted of multiple crimes each of which contains numerous elements that the Commonwealth must prove beyond a reasonable doubt.

**Commonwealth v. Garang**, 9 A.3d 237, 244 (Pa. Super. 2010) (citations omitted). This Court has found waiver to be appropriate even when the Commonwealth did not object to a deficient sufficiency-of-the-evidence Rule 1925(b) claim, and the trial court proceeded to address the appellant's issues. We explained:

[t]he Commonwealth's [lack of objection] and the presence of a trial court opinion [addressing the merits] are of no moment to our analysis because we apply Pa.R.A.P. 1925(b) in a predictable, uniform fashion, not in a selective manner dependent on an appellee's argument or a trial court's choice to address an unpreserved claim. Thus, we find 1925(b) waiver where appropriate despite the lack of objection by an appellee and

- 5 -

despite the presence of a trial court opinion.

***Commonwealth v. Williams***, 959 A.2d 1252, 1257 (Pa. Super. 2008) (citation omitted).

We note, however, that in ***Commonwealth v. Laboy***, 936 A.2d 1058 (Pa. 2007), our Supreme Court allowed broad Rule 1925(b) claims of insufficient evidence in a "relatively straightforward drug case." ***Id.*** at 1060. In that case, the Commonwealth alleged that the defendant "acted as a lookout and money handler" in multiple drug sales. ***Id.*** at 1058. Following his conviction, the defendant appealed and in his Rule 1925(b) statement averred:

I. Evidence of drug trafficking and conspiracy was insufficient.

II. Evidence of conspiracy was insufficient.

***Id.*** at 1060. Our Supreme Court declined to hold that this statement was so deficient as to warrant waiver, stating:

> In the present, relatively straightforward drug case, the evidentiary presentation spans a mere thirty pages of transcript. It may be possible in more complex criminal matters that the common pleas court may require a more detailed statement to address the basis for a sufficiency challenge. Here, however, the common pleas court readily apprehended [the defendant's] claim and addressed it in substantial detail.

***Id.*** This Court has applied ***LaBoy*** in similarly straightforward cases. ***See Commonwealth v. Smyser***, 195 A.3d 912, 915, 916 (Pa. Super. 2018) (Rule 1925(b) claim "that the Commonwealth failed to present sufficient evidence for the fact-finder to be convinced beyond a reasonable doubt of [Appellant's]

guilt" was acceptable where the appellant was convicted of 12 counts of sexual abuse of children "and his sufficiency challenge present[ed] a question of law that the trial court readily apprehended"); *Commonwealth v. Richard*, 150 A.3d 504, 517-518 (Pa. Super. 2016) (although appellant's Rule 1925(b) statement conflated weight and sufficiency of evidence, statement was sufficient to preserve a challenge to the sufficiency of evidence); *Interest of T.L.B.*, 127 A.3d 813 (Pa. Super. 2015) (although Commonwealth's Rule 1925(b) claim, "The juvenile court erred when it denied the petition to adjudicate [the juvenile] delinquent after [he] was found to have committed a felony graded indecent assault upon a minor victim . . . could have specifically challenged the finding that [the juvenile] was not in need of treatment, supervision, or rehabilitation," the juvenile had admitted he committed the delinquent acts, and thus the sole question before the court was whether he was in need of treatment, supervision, or rehabilitation).

In opining that Appellant's Rule 1925(b) failed to state Appellant's sufficiency claims with specificity, the trial court pointed out that Appellant's counsel, Attorney Watkins, has been cautioned against this practice:

> [Attorney Watkins] has been advised on several occasions that a challenge to the sufficiency of the evidence requires specificity. A panel of the Superior Court admonished him on this subject in the non-precedential decision in *Commonwealth v. Donella*, [1330 MDA 2017 (Pa. Super. June 25, 2018) (judgment order).[7]] This

---

[7] This Court's judgment order in *Donella* found the defendant's sufficiency-of-the-evidence issue to be waived because the argument section of his brief

Court has also asked the Chief Public Defender to address this issue with him; however, he continues to cite non-specific claims of insufficient evidence as a ground for new trial.

Trial Court Opinion, 11/28/18, at 1-2 n.1. Attorney Watkins has not, in Appellant's brief or otherwise, acknowledged or addressed the trial court's commentary.

The Commonwealth suggests that although Appellant's "sufficiency claims may be waived due to his unspecific Rule 1925(b) statement," this Court should exercise discretion, apply *Laboy*, and address the merits. Commonwealth Brief at 6-7. The Commonwealth reasons that a finding of waiver could eventually lead to a second direct appeal by Appellant, which "could dissipate limited judicial resources." *Id.* at 8.

After careful review of the record, *Laboy*, and other relevant decisional law, we agree with the trial court that Appellant's sufficiency issues are waived

---

contained no discussion on the sufficiency issue. Instead, the brief "argue[d] only that the trial court should have suppressed the evidence gathered during the traffic stop" — an issue that was waived because the defendant had not filed a suppression motion. *Donella*, 1330 MDA 2017, at 2. The panel stated:

> We are deeply troubled at the performance of Kent D. Watkins, Esq. in this case. The deficiencies evident on the face of Appellant's brief are unacceptable for a public defender. Attorney Watkins must furnish a copy of this judgment order to the Schuylkill County Commissioners and the Disciplinary Board of the Supreme Court of Pennsylvania forthwith.

*Id.* at 3 n.4.

because Appellant's Rule 1925(b) statement is deficient. **See Laboy**, 936 A.2d at 1060. Although Appellant was convicted under two different subsections of the aggravated assault statute, his Rule 1925(b) statement did not identify which sub-section or elements he wished to address. Instantly, Appellant was convicted of a total of seven counts relating to three victims — more than the defendants in **Laboy** and **Smyser**, 195 A.3d 912 — and unlike the 30-page trial presentation of evidence in **Laboy**, the presentation of evidence at Appellant's trial spanned two days and approximately 208 pages of trial transcript.[8] Furthermore, unlike the trial courts in **Laboy** and **T.L.B.**, which addressed the merits of the appellants' sufficiency issues, in this case, the trial court specified that it "cannot respond" to Appellant's issues.[9] **See**

---

[8] The entire trial transcript is 287 pages.

[9] As the deficiencies in Attorney Watkins' Rule 1925(b) statement resulted in the failure to preserve particular claims, and not in the waiver of all possible claims, we decline to find ineffective assistance of counsel *per se*. **See Commonwealth v. Rosado**, 150 A.3d 425, 431 (Pa. 2016) ("We distinguished counsel's failure to file a Pa.R.A.P. 1925(b) statement, occasioning waiver of all claims for purposes of appeal, from a failure to preserve particular claims; we held the first constitutes ineffectiveness *per se*, while the second does not[.]"), *citing* **Commonwealth v. Halley**, 870 A.2d 795, 801 (Pa. 2005).

Furthermore, we observe that the argument in Appellant's brief is so undeveloped that we would find waiver. **See Commonwealth v. Phillips**, 141 A.3d 512, 522 (Pa. Super. 2016) (issues raised in a brief's statement of questions involved but not developed in the argument section will be deemed waived). As noted, the statement of questions presented raises two claims: insufficient evidence for aggravated assault and insufficient evidence for REAP "as to any persons other than the victim." Appellant's Brief at 4. The

argument section for aggravated assault, spanning a little more than two pages, generally cites to legal authority, but fails to address or mention — at all — Appellant's convictions, aside from the heading which broadly states: "The Commonwealth did not provide sufficient evidence to support a conviction for aggravated assault." Appellant's Brief at 8.

Appellant's second issue, concerning his REAP convictions, arguably includes some reference to his case. His argument states: "Appellant's second issue challenges the evidence supporting his REAP conviction as insufficient on two grounds: putting another person at risk and lack of a reckless *mens rea*." Appellant's Brief at 10. In another paragraph, Appellant contends: "No evidence was offered showing either [Appellant's] father or [Troy Meckes] were in the line of fire or the bullets passed in their direction." ***Id.***

Nevertheless, we decline to extend ***Rosado*** to find ineffective assistance *per se* for the deficient appellate brief. In ***Rosado***, the defendant's attorney filed a Rule 1925(b) statement, which challenged the imposition of sentence, the exclusion of certain evidence, and a juror's alleged concealment of bias. ***Rosado***, 150 A.3d at 426. Counsel then filed an appellate brief which abandoned these issues and instead raised an "unpreserved sufficiency claim." ***Id.*** This Court affirmed the judgment of sentence upon concluding the sufficiency issue was waived. ***Id.*** The defendant subsequently filed a petition under the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546, claiming his attorney's conduct constituted ineffective assistance of counsel *per se*. ***Id.*** at 426-427. Ultimately, our Supreme Court agreed, and held "that the filing of an appellate brief which abandons all preserved issues in favor of unpreserved ones constitutes ineffective assistance of counsel *per se*." ***Id.*** at 425.

The ***Rosado*** Court noted: "The recognized instances of *per se* ineffectiveness entitling a defendant to automatic relief are extremely narrow." ***Rosado***, 150 A.3d at 427. Neither our Supreme Court nor this Court has found ineffective assistance counsel *per se* based on the particular facts presented in this appeal: (1) the defendant's counsel files a Rule 1925(b) statement, which raised only sufficiency-of-the-evidence issues that are deemed waived due to the failure to specify the elements of the crimes challenged; and (2) counsel then files an appellate brief which purports to raise, but fails to develop argument on, those same sufficiency issues. We recently reiterated:

> [O]ur role as an intermediate appellate court is clear. "It is not
> the prerogative of an intermediate appellate court to enunciate

Trial Court Opinion, 11/28/18, at 1.

Finally, we consider the Commonwealth's argument regarding the "dissipation of limited judicial resources." **See** Commonwealth Brief at 8. In certain circumstances, such as **Laboy**, **Richard**, and **T.L.B.**, where the theory of the case and/or the facts are relatively simple and straightforward, a deficient Rule 1925(b) statement may not impede appellate review. However, such circumstances do not exist in this case, where both the trial evidence and the quantity and diversity in Appellant's convictions lead us to agree with the trial court that we "cannot respond" to Appellant's sufficiency claims, where Appellant has failed to specify "the element or elements for which [he] contends the evidence was insufficient." Trial Court Opinion, 11/28/18, at 1.

Given the pointed discussion of Attorney Watkins' conduct by the trial court in this appeal, as well as the trial court's reference to the Superior Court's judgment order in **Donatella**, **supra**, we direct our Prothonotary to forward a copy of this memorandum to the chief public defender in Schuylkill

_____

new precepts of law or to expand existing legal doctrines. Such is a province reserved to the Supreme Court." It is well-settled that "the Superior Court is an error correcting court and we are obliged to apply the decisional law as determined by the Supreme Court of Pennsylvania."

**Matter of M.P.**, ___ A.3d ___, 2019 WL 850581 at *2 n.2. (Pa. Super. 2019) (citations omitted). Accordingly, we emphasize that any expansion of the range of attorney conduct that constitutes ineffective assistance per se must originate from our Supreme Court.

- 11 -

County.

Judgment of sentence affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 06/11/2019