J-S06042-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DARRON DAVIS | : | |
| | : | |
| Appellant | : | No. 2171 EDA 2018 |

Appeal from the Judgment of Sentence Entered June 28, 2018
in the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0000848-2017

BEFORE: BOWES, J., DUBOW, J., and FORD ELLIOTT, P.J.

CONCURRING MEMORANDUM BY BOWES, J.: **FILED JUNE 26, 2019**

I join the portion of the Majority Memorandum holding that Appellant waived his challenges to the weight of the evidence and the competency of the victim to testify by failing to raise them in the trial court. While I also agree with the Majority that no relief is due on Appellant's sufficiency challenge, I would affirm based upon its lack of merit rather than upon waiver.

Our Supreme Court has reversed this Court's refusal to address a sufficiency challenge based upon a non-specific Rule 1925(b) statement where it was a "relatively straightforward" case with a modest-sized evidentiary record and the trial court understood and addressed the claim. ***Commonwealth v. Laboy***, 936 A.2d 1058, 1060 (Pa. 2007). Since then, this Court has declined to find waiver when faced with attempts to preserve sufficiency challenges similar to those in the instant case. ***See***, ***e.g.***, ***Commonwealth v. Smyser***, 195 A.3d 912, 916 (Pa.Super. 2018) (declining

to find waiver despite boilerplate Rule 1925(b) statement where the defendant was convicted of numerous counts of a single crime and the trial court apprehended and addressed the issue).

In his Rule 1925(b) statement, Appellant claimed, *inter alia*, that the verdict could not stand because the evidence was such that he "could not have been the perpetrator." Concise Statement, 8/15/18, at ¶ 1. I deem this to be an adequately specific claim that the Commonwealth failed to adduce sufficient evidence to establish the identity element of the crimes at issue.[1] So did the trial court, which addressed the challenge on its merits. Therefore, applying **Laboy**, I would review the substance of Appellant's claim rather than dispose of it on procedural grounds.

Nonetheless, I conclude that Appellant is entitled to no relief on his sufficiency challenge. Appellant's argument is that the victim's story lacks "any motive or logic" and that his own version of events was more credible. **See** Appellant's brief at 15-16. It is well-established that a fact finder is free to believe all, part, or none of the evidence presented at trial; uncertainty in identification evidence goes to its weight; this Court will not disturb the fact finder's credibility determinations; and sufficiency review is conducted viewing

---

[1] "In addition to proving the statutory elements of the crimes charged beyond a reasonable doubt, the Commonwealth must also establish the identity of the defendant as the perpetrator of the crimes." **Commonwealth v. Smyser**, 195 A.3d 912, 915 (Pa.Super. 2018) (quoting **Commonwealth v. Brooks**, 7 A.3d 852, 857 (Pa.Super. 2010)).

- 2 -

the evidence in the light most favorable to the Commonwealth as verdict-winner.  **See Smyser**, **supra** at 915; **Commonwealth v. Trinidad**, 96 A.3d 1031, 1038 (Pa.Super. 2014).

Applying our standard of review, rather than crediting Appellant's testimony over that of the victim as he urges, I would affirm Appellant's conviction based upon the evidence detailed in the trial court's opinion.  **See** Trial Court Opinion, 8/24/18, at 4-6 (citing, *inter alia*, N.T. Trial, 4/3/18, at 56-62, 80-82) (summarizing the victim's testimony that he had a high tolerance for intoxicating substances and never lost consciousness, and was able to recall in detail Appellant's actions of shooting the victim in the head and stealing the victim's car).

Therefore, I concur.

Judge Dubow joins the concurring memorandum.