J-S07019-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DUANE PERRY | : | |
| | : | |
| Appellant | : | No. 921 MDA 2023 |

Appeal from the Judgment of Sentence Entered April 27, 2023
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s): CP-40-CR-0002627-2022

BEFORE:   LAZARUS, P.J., KUNSELMAN, J., and COLINS, J.[*]

MEMORANDUM BY KUNSELMAN, J.:                **FILED: MAY 10, 2024**

Duane Perry appeals from the judgment of sentence imposed after he was convicted of several Vehicle Code offenses arising from a traffic stop. Additionally, Perry's counsel filed a petition to withdraw and an accompanying brief pursuant to **Anders v. California**, 386 U.S. 738 (1967).  Upon review, we grant counsel's petition, and affirm the judgment of sentence.

On June 15, 2022, two police officers observed a Nissan Altima speeding on North Laurel Street in the City of Hazelton.  The Altima almost hit some parked cars.  The officers pulled over the vehicle, which was driven by Perry. When the officers approached the car, Perry told them that he had smoked marijuana earlier, but he had a medical marijuana card.  The officers observed that Perry's eyes were bloodshot and glossy and that he was sweating

_____

[*] Retired Senior Judge assigned to the Superior Court.

profusely. He stumbled as he got out of the car and could not walk. Minutes later he collapsed and was unconscious. To the officers, Perry appeared to be under the influence. They took Perry to the hospital for a blood test, but he refused it. Perry was arrested and charged.

Following trial on February 22, 2023, a jury found Perry guilty of driving under the influence ("DUI") of a drug and driving while his operating privilege was suspended or revoked.[1] The trial court found him guilty of two summary offenses: registration and certificate of title required and careless driving.[2]

On April 27, 2023, the trial court sentenced Perry to 12 to 24 months' incarceration for the DUI conviction and a consecutive term of 6 to 12 months' incarceration for the driving under suspension conviction. Additionally, the court fined Perry for each summary offense. Perry did not file a post-sentence motion.

Perry filed this timely appeal. He and the trial court complied with Pennsylvania Rule of Appellate Procedure 1925.[3] Counsel filed a petition to withdraw from representation and an **Anders** brief with this Court. Perry did not retain independent counsel or file a *pro se* response to the **Anders** brief.

_____

[1] 75 Pa.C.S.A. §§ 3802(d)(2) and 1543(b)(1)(iii).

[2] 75 Pa.C.S.A. §§ 1301(a) and 3714(a).

[3] We note that, when counsel intends to file an **Anders** brief and ask this Court to withdraw, counsel should file a statement pursuant to Rule 1925(c)(4) rather than Rule 1925(b).

Before we may consider the issues raised in the **Anders** brief, we must first consider counsel's petition to withdraw from representation. **See Commonwealth v. Garang**, 9 A.3d 237, 240 (Pa. Super. 2010) (holding that, when presented with an **Anders** brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw). Pursuant to **Anders**, when counsel believes an appeal is frivolous and wishes to withdraw from representation, counsel must do the following:

> (1) petition the court for leave to withdraw stating that after making a conscientious examination of the record, counsel has determined the appeal would be frivolous; (2) file a brief referring to any issues that might arguably support the appeal, but which does not resemble a no-merit letter; and (3) furnish a copy of the brief to the defendant and advise him of his right to retain new counsel, proceed *pro se*, or raise any additional points [the defendant] deems worthy of this Court's attention.

**Commonwealth v. Edwards**, 906 A.2d 1225, 1227 (Pa. Super. 2006) (citation omitted). In **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009), our Supreme Court addressed the second requirement of **Anders**, *i.e.*, the contents of an **Anders** brief, and required that the brief:

> (1) provide a summary of the procedural history and facts, with citations to the record;
>
> (2) refer to anything in the record that counsel believes arguably supports the appeal;
>
> (3) set forth counsel's conclusion that the appeal is frivolous; and
>
> (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

- 3 -

***Santiago***, 978 A.2d at 361. Once counsel has satisfied the ***Anders*** requirements, it is then this Court's responsibility "to conduct a simple review of the record to ascertain if there appear on its face to be arguably meritorious issues that counsel, intentionally or not, missed or misstated." ***Commonwealth v. Dempster***, 187 A.3d 266, 272 (Pa. Super. 2018).

Here, counsel filed both an ***Anders*** brief and a petition for leave to withdraw. Further, the ***Anders*** brief substantially comports with the requirements set forth by our Supreme Court in ***Santiago***. Finally, the record included a copy of the letter that counsel sent to Perry of counsel's intention to seek permission to withdraw and advising Perry of his right to proceed *pro se* or retain new counsel and file additional claims. Accordingly, as counsel has complied with the procedural requirements for withdrawing from representation, we will conduct an independent review to determine whether Perry's appeal is wholly frivolous.

In the ***Anders*** brief, counsel indicates that Perry wishes to raise the following single issue:

> 1. Did the Commonwealth fail to present sufficient evidence to establish beyond a reasonable doubt that [Perry] was the perpetrator, driver, operator or in actual physical control of the vehicle [for] which he was convicted of DUI, driving while operating privilege suspended or revoked, registration and certificate of title required and careless driving?

***Anders*** Brief at 2.

Perry challenges the sufficiency of the evidence to convict him of all four offenses. In reviewing a sufficiency of the evidence claim, this Court:

> must determine whether the evidence admitted at trial, as well as all reasonable inferences drawn therefrom, when viewed in the light most favorable to the verdict winner, are sufficient to support all elements of the offense. Additionally, we may not reweigh the evidence or substitute our own judgment for that of the fact finder. The evidence may be entirely circumstantial as long as it links the accused to the crime beyond a reasonable doubt.

*Commonwealth v. Koch*, 39 A.3d 996, 1001 (Pa. Super. 2011) (citations omitted). However, "the inferences must flow from facts and circumstances proven in the record and must be of such volume and quality as to overcome the presumption of innocence and satisfy the jury of an accused's guilt beyond a reasonable doubt." *Commonwealth v. Scott,* 597 A.2d 1220, 1221 (Pa. Super. 1991). "The trier of fact cannot base a conviction on conjecture and speculation and a verdict which is premised on suspicion will fail even under the limited scrutiny of appellate review." *Id.* "Because evidentiary sufficiency is a question of law, our standard of review is *de novo* and our scope of review is plenary." *Commonwealth v. Diamond*, 83 A.3d 119, 126 (Pa. 2013).

Perry argues that the Commonwealth presented insufficient evidence to prove beyond a reasonable doubt that he was the one driving the vehicle at the time of this traffic stop. *Anders* 11, 15. Perry maintains that the police misidentified him as the driver because the officer described the operator of the vehicle as a "white" individual with "gray" hair; Perry, however, is black with dark hair. *Id.* at 16. Perry also maintains that, at trial, the officer described the vehicle as a black Nissan Altima, but his is gold. Therefore,

according to Perry, the Commonwealth's evidence identifying him as the driver was insufficient, and his sentence should be vacated, and his charges dismissed. *Id.* at 17. We disagree.

Generally, "'[i]n addition to proving the statutory elements of the crimes charged beyond a reasonable doubt, the Commonwealth must also establish the identity of the defendant as the perpetrator of the crimes.'" *Commonwealth v. Smyser*, 195 A.3d 912, 915 (Pa. Super. 2018) (quoting *Commonwealth v. Brooks*, 7 A.3d 852, 857 (Pa. Super. 2010)). Section 3802(d)(2) of the Vehicle Code provides: "[an] *individual* may not drive, operate or be in actual physical control of the movement of a vehicle . . . [when the] *individual* is under the influence of a drug or combination of drugs to a degree which impairs the individual's ability to safely drive, operate or be in actual physical control of the movement of the vehicle." 75 Pa.C.S.A. § 3802(d)(2) (emphasis added). Section 1543(a) prohibits a "person" from a driving a vehicle while their license is suspended. 75 Pa.C.S.A. § 1543. Likewise, the summary offenses prohibit a "person" from driving an unregistered vehicle and from driving a vehicle in careless disregard for the safety of persons or property. 75 Pa.C.S.A. §§ 1301(a) and 3714. Thus, the Commonwealth must establish that the accused was the "individual" or "person" who drove, operated or was in control of the vehicle.

Here, as the trial court observed, there was no dispute at trial regarding the identification of the driver. As such, the evidence established that Perry

was the one driving the vehicle the night of this traffic stop, *i.e.*, the perpetrator.  Trial Court Opinion, 8/28/23, at 3-4.

Both police officers involved in the stop testified at trial and identified Perry as the driver.  N.T., 2/21/23, at 19, 33.  They obtained the driver's name and date of birth after they pulled the vehicle over.  ***Id.*** at 20, 33.  Officer Kevin Lantigua acknowledged his error in describing Perry's race on the criminal complaint and explained the reason for it.  ***Id.*** at 27

Significantly, Perry himself testified at trial.  Notably, he did not deny driving the vehicle that night.  In fact, he admitted that he was pulled over by the police, stumbled as he got out of his car, and collapsed.  ***Id.*** at 42-45. Perry also admitted that he smoked marijuana before driving.[4]  ***Id.*** at 43.  He further indicated that he was unaware that he was not permitted to drive a vehicle after using marijuana because he had a medical marijuana card but is aware now.  ***Id.*** at 47.

Based upon our review of the record and viewing the evidence in the light most favorable to the Commonwealth as the verdict winner, we conclude that the Commonwealth presented sufficient evidence to sustain Perry's convictions.

For the foregoing reasons, we conclude that Perry's sole claim on appeal is frivolous.  Further, in accordance with ***Dempster***, we have independently reviewed the certified record to determine if there are any non-frivolous issues

---

[4] Although not relevant to our disposition, we note that it is unlawful to smoke medical marijuana.  35 P.S. § 10231.304(b)(1).

that counsel may have overlooked.  Having found none, we agree that the appeal is wholly frivolous.  Therefore, we grant counsel's petition to withdraw and affirm the judgment of sentence.

Petition to withdraw granted.  Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 5/10/2024