J-S49041-18

2018 PA Super 251

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DANIEL LEE SMYSER | : | |
| | : | |
| Appellant | : | No. 1990 MDA 2017 |

Appeal from the Judgment of Sentence October 24, 2017
In the Court of Common Pleas of Cumberland County Criminal Division at
No(s):  CP-21-CR-0000532-2016

BEFORE:   SHOGAN, J., STABILE, J., and STEVENS*, P.J.E.

OPINION BY STEVENS, P.J.E.:                    **FILED SEPTEMBER 11, 2018**

Appellant Daniel Lee Smyser appeals from the Judgment of Sentence entered in the Court of Common Pleas of Cumberland County on October 24, 2017, following his convictions of twelve counts of Sexual Abuse of Children.[1] We affirm.

The trial court set forth the relevant facts and procedural history herein as follows:

> On August 27, 2015, Trooper Lucas Collins responded to the [Appellant's] home as a result of a 911 call originating from the [Appellant's] address. Dispatchers had related hearing choking noises on the call. On the scene, Trooper Collins and EMS personnel were unable to get a response from inside the residence. After confirming with neighbors that [Appellant] was in the residence and that his vehicles were present, Trooper Collins determined there was a valid medical emergency and entered the residence. Therein, he discovered [Appellant] on the floor, alone, unresponsive in front of his computer. EMS provided medical attention and transported [Appellant] to a hospital.

---

[1] 18 Pa.C.S.A. § 6312(d).

---

*   Former Justice specially assigned to the Superior Court.

As he was securing the residence, Trooper Collins observed what appeared to be readily visible child pornography streaming on [Appellant's] computer. There were pictures and an active chat room containing ongoing discussion of child pornography. Based on his observation, Trooper Collins secured the scene and contacted the investigative unit at the Carlisle State Police Barracks.

Thereafter, Trooper John Boardman arrived to investigate the possible child pornography. He observed the open chat room and noted the sexually explicit discussion of children. He also noted that pictures of apparent child pornography were being posted. Based on his observations he sought and obtained a search warrant for [Appellant's] home and computer.

Subsequently, Trooper Michael J. Gownley, a certified forensic computer examiner, conducted a search of [Appellant's] computer. Testifying as an expert, Trooper Gownley related that he discovered a Windows user profile titled "Dan" that included two Yahoo Messenger accounts, titled "SMYS and "lilbitofur." Further, there was a user-created folder under the "Dan" user profile titled "Mine." In that file and in the Yahoo Messenger Photo-Sharing Directory there were dozens of images of child pornography, 12 of which were known child victims verified by the database maintained by the National Center for Missing and Exploited Children. Trooper Gownley testified that it was his expert opinion that these images of child pornography were intentionally possessed by [Appellant].

After he regained consciousness, [Appellant] was confronted at the hospital about his computer activity and he denied all knowledge of the alleged crimes. At the nonjury trial, [Appellant] testified on his own behalf. He again denied accessing child pornography on his computer and opined that unidentified enemies from his past had broken into his home and planted the child pornography on his computer in an attempt to frame him for a crime. He also presented brief testimony from his daughter and sister who both noted the [Appellant's] lack of facility with computers and technology and their doubt that he would be capable of accessing difficult to find online contraband.

Ultimately, the court, sitting as factfinder, found the Commonwealth's witnesses credible and [Appellant] not-credible and found him guilty of all charges.

Trial Court Opinion, filed 4/19/18, at 1-3.

On October 24, 2017, Appellant was sentenced to a prison term of one (1) year less a day to two (2) years less a day in the Cumberland County Prison along with a thirty-six (36) month term of probation to be served consecutively thereto. Appellant further was ordered to comply with the Tier I registration requirements of SORNA.

On November 27, 2017, the trial court entered an Order granting defense counsel's Motion to Withdraw Appearance and appointing new counsel to represent Appellant. In an "abundance of caution" the trial court further provided the Public Defender with thirty (30) days from the date of that Order in which to file an appeal with this Court. Appellant filed his Notice of Appeal on December 27, 2017. The next day, the trial court ordered Appellant to file a concise statement of errors complained of on appeal within twenty-one (21) days pursuant to Pa.R.A.P. 1925(b)(1). On January 18, 2018, the trial court granted Appellant's motion for enlargement of time and directed him to file a concise statement no later than seven (7) days following the receipt of the requested transcripts. Appellant filed his Concise Statement of the Errors Complained of on Appeal on February 2, 2018, wherein he raised the following, single issue:

1.   [Appellant] believes, and therefore avers, that the Commonwealth failed to present sufficient evidence for the fact-finder to be convinced beyond a reasonable doubt of [Appellant's] guilt.

In his brief, Appellant presents the following Statement of the Questions Involved:

> I. Did the trial court err in determining that the Commonwealth presented sufficient evidence to sustain the conviction for twelve (12) counts of sexual abuse of children?

Brief for Appellant at 6 (unnecessary capitalization omitted).

The relevant subsection of Sexual Abuse of Children under which Appellant's twelve charges and subsequent convictions arose is entitled "**Child pornography**" and reads as follows:

> **d) Child pornography.--**Any person who intentionally views or knowingly possesses or controls any book, magazine, pamphlet, slide, photograph, film, videotape, computer depiction or other material depicting a child under the age of 18 years engaging in a prohibited sexual act or in the simulation of such act commits an offense.

18 Pa.C.S.A. § 6312(d).

Whether the evidence was sufficient to support the conviction presents a matter of law; our standard of review is *de novo* and our scope of review is plenary. **Commonwealth v. Walls**, 144 A.3d 926, 931 (Pa.Super. 2016) (citation omitted), *appeal denied*, 167 A.3d 698 (Pa. 2017). In conducting our inquiry, we

> examine whether the evidence admitted at trial, and all reasonable inferences drawn therefrom, viewed in the light most favorable to the Commonwealth as verdict winner, support the jury's finding of all the elements of the offense beyond a reasonable doubt. The Commonwealth may sustain its burden by means of wholly circumstantial evidence.

*Commonwealth v. Doughty*, 633 Pa. 539, 550-51, 126 A.3d 951, 958 (2015).

"In addition to proving the statutory elements of the crimes charged beyond a reasonable doubt, the Commonwealth must also establish the identity of the defendant as the perpetrator of the crimes." *Commonwealth v. Brooks*, 7 A.3d 852, 857 (Pa.Super. 2010), *appeal denied*, 21 A.3d 1189 (Pa. 2011). "Evidence of identification need not be positive and certain to sustain a conviction." *Commonwealth v. Orr*, 38 A.3d 868, 874 (Pa.Super. 2011) (*en banc*) (citation omitted), *appeal denied*, 54 A.3d 348 (Pa. 2012). As our Supreme Court has stated "any indefiniteness and uncertainty in the identification testimony goes to its weight. Direct evidence of identity is, of course, not necessary and a defendant may be convicted solely on circumstantial evidence." *Commonwealth v. Hickman*, 453 Pa. 427, 430, 309 A.2d 564, 566 (1973) (citations omitted).

As a preliminary matter, it should be noted that "when challenging the sufficiency of the evidence on appeal, the '[a]ppellant's [court ordered Pa. R.A.P.1925(b) concise] statement must specify the element or elements upon which the evidence was insufficient' in order to preserve the issue for appeal." *Commonwealth v. Gibbs*, 981 A.2d 274, 281 (Pa.Super. 2009) *appeal denied*, 3 A.3d 670 (Pa. 2010). If the appellant fails to conform to the specificity requirement, the claim is waived. *Id*. *See also Commonwealth*

***v. Williams***, 959 A.2d 1252 (Pa.Super. 2008) (quoting ***Commonwealth v.***

***Flores***, 921 A.2d 517, 522–23 (Pa.Super. 2007)).

While the trial court did address the topic of sufficiency in its Rule 1925(a) Opinion, we have held that this is "of no moment to our analysis because we apply Pa.R.A.P.1925(b) in a predictable, uniform fashion, not in a selective manner dependent on an appellee's argument or a trial court's choice to address an unpreserved claim." ***Williams***, 959 A.2d. at 1257 (quoting ***Flores*** 921 A.2d at 522–23). In light of Appellant's boilerplate concise statement, we could find this issue waived; however, since Appellant was convicted of twelve counts of 18 Pa.C.S.A. § 6312(d) and his sufficiency challenge presents a question of law that the trial court readily apprehended, we shall address it. ***See Commonwealth v. Laboy***, 594 Pa. 411, 936 A.2d 1058 (2007) (applying less strict waiver approach where case was not complex and trial court addressed claim in substantial detail).

Appellant avers the evidence was insufficient to sustain his convictions because it failed to establish that he intentionally and knowingly possessed or controlled child pornography. Brief for Appellant at 13. Appellant stresses that the evidence "only included the images that were saved to the computer seized from [Appellant's] residence and an allegation that a scrolling chatroom was active at the time Trooper Collins responded to the evidence." ***Id***. at 15. Appellant points to the testimony of Appellant's daughter Chynna, that she, her fiancé and her sister used the computer on several occasions while

Appellant was logged on and her representation that her father lacks the knowledge and skills necessary to upload or download files on a computer and to utilize a file-sharing program. *Id*.

Appellant further states the Commonwealth failed to establish the dates and times Appellant viewed the images. Appellant reasons that the images introduced at trial in support of the guilty verdicts were last viewed prior to August 27, 2015, and, in light of his testimony that he worked Monday through Friday between 4:30 a.m. and 6:00 p.m., such evidence was insufficient to prove that he intentionally and knowingly possessed or controlled the child pornography. *Id*. at 16.

Essentially, Appellant's contention is that the trial court sitting as the finder of fact should have credited the testimony of his daughter and him rather than that of the investigating officers. An argument that the finder of fact should have credited one witness's testimony over that of another goes to the weight of the evidence, not the sufficiency of the evidence. ***Commonwealth v. Gibbs,*** 981 A.2d 274, 281–82 (2009)(citing ***Commonwealth v. W.H.M**.,* 932 A.2d 155, 160 (Pa.Super. 2007) (claim that the jury should have believed Appellant's version of the event rather than the victim's goes to the weight, not the sufficiency of the evidence)); ***Commonwealth v. Wilson***, 825 A.2d 710, 713–14 (Pa.Super. 2003) (a review of the sufficiency of the evidence does not include an assessment of the credibility of testimony); ***Commonwealth v. Gaskins***, 692 A.2d 224, 227

(Pa.Super. 1997) (credibility determinations are made by the finder of fact and challenges to those determinations go to the weight, not the sufficiency of the evidence). Thus, Appellant's asserted sufficiency of the evidence claim is, in fact, a weight of the evidence claim; yet, Appellant has not challenged the weight of the evidence on appeal. As a result, he has waived any challenge to the weight of the evidence for failure to include it in his Pa.R.A.P. 1925(b) statement. *See Commonwealth v. Lord*, 719 A.2d 306, 309 (Pa. 1998) ("Any issues not raised in a 1925(b) statement will be deemed waived."); *see also* Pa.R.A.P. 1925(b)(4)(vii). To the extent that Appellant properly has raised a sufficiency claim, we find it meritless.

The record reveals Appellant resided alone and was the only one present when Trooper Collins arrived at his locked home on August 27, 2015, and found him lying on the floor in front of his computer in his bedroom dressed only in his undergarments. N.T. Trial, 6/30/17, at 6-7, 11. The computer was connected to several, active open chat rooms and displayed scrolling images of child pornography. *Id*. at 8, 20-21. Following the seizure and forensic analysis of Appellant's computer, police discovered additional images of child pornography which included twelve images of known child victims. *Id*. at 52-53.

In its Rule 1925(a) Opinion, the trial court explained the twelve pictures of the victims were "sexually explicit depictions of children." Trial Court Opinion, filed 4/19/18, at 3. The court found Appellant's claims of

technological incompetence were belied by expert testimony and the forensic evidence at trial. While the trial court stated it did not doubt the truthfulness of Appellant's daughter and sister, it explained it discounted their testimony "on the basis of their simple inability to know of [Appellant's] secret behavior." *Id*. at 4. The [c]ourt concluded that:

> [Appellant's] theory of a mysterious enemy setting him up is ludicrous. The discovery of [Appellant's] possession of child pornography was triggered by his suffering a sudden asthmatic episode. It would take a remarkably patient vengeance-seeker to plant dozens of images of child pornography on his enemy's computer and then simply wait for a random medical emergency for police to discover the contraband.

*Id*.

Our review of the record supports the trial court's conclusions. It was within the province of the trial court, as factfinder, to determine that the evidence presented was sufficient to establish Appellant intentionally viewed and/or possessed the pornographic images found on his computer. Appellant's challenge, therefore, fails.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 09/11/2018

- 9 -