J-S07033-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :    IN THE SUPERIOR COURT OF
                                                   :              PENNSYLVANIA
                                                   :
               v.                                         :
                                                   :
                                                   :
BENJAMIN MARTIN FORSYTHE      : 
                                                   :
              Appellant                        :      No. 1624 MDA 2018

Appeal from the Judgment of Sentence Entered August 15, 2018
In the Court of Common Pleas of Franklin County Criminal Division at
No(s):  CP-28-CR-0002081-2017

BEFORE:   OLSON, J., McLAUGHLIN, J., and PELLEGRINI*, J.

MEMORANDUM BY PELLEGRINI, J.:         **FILED FEBRUARY 27, 2019**

Benjamin Martin Forsythe (Forsythe) appeals from the judgment of sentence imposed by the Court of Common Pleas of Franklin County (trial court) following his jury conviction of one count of Criminal Conspiracy to Commit Retail Theft.[1]  We affirm.

We derive the following relevant facts and procedural history from our independent review of the certified record.  On July 1, 2017, at approximately 1:50 p.m., Forsythe and his long-time girlfriend Cheyenne Crouse (Crouse) went to Franklin Hardware & Pet Center located in Chambersburg, Franklin County to purchase a dog license.  While employees were organizing the store the following day, they found empty packaging for a nylon dog toy on a shelf.  This signaled to the vice president of operations and store manager William

---

[1] 18 Pa.C.S. § 903, 18 Pa.C.S. § 3929(a)(1).

---

\*   Retired Senior Judge assigned to the Superior Court.

Monn (Monn) that merchandise had been stolen prompting him to review video surveillance footage from inside of the store. The video showed Crouse putting dog-related goods in her purse and Forsythe's apparent participation in the offense. Monn contacted the state police to report the theft of $186.50 in merchandise.

Forsythe proceeded to a jury trial in June 2018 and was convicted of the above-referenced offense.[2] The court sentenced Forsythe to a term of not less than two nor more than twenty-three months' incarceration, a fine of $200.00, and restitution in the amount of $186.50. Following the trial court's denial of his timely post-sentence motion, Forsythe timely appealed.

On appeal, Forsythe challenges the sufficiency of the evidence supporting his conviction.[3] (**See** Forsythe's Brief, at 7-9). Forsythe argues that the Commonwealth failed to establish his involvement in the theft where

---

[2] Crouse admitted to taking merchandise and entered a guilty plea to retail theft. At Forsythe's trial, she testified for the defense and stated that he did not assist her in the theft.

[3] "Whether the evidence was sufficient to support the conviction presents a matter of law; our standard of review is *de novo* and our scope of review is plenary." **Commonwealth v. Smyser**, 195 A.3d 912, 915 (Pa. Super. 2018) (citation omitted). "In conducting our inquiry, we examine whether the evidence admitted at trial, and all reasonable inferences drawn therefrom, viewed in the light most favorable to the Commonwealth as verdict winner, support the jury's finding of all the elements of the offense beyond a reasonable doubt." **Id.** (citation omitted). "The Commonwealth may sustain its burden by means of wholly circumstantial evidence." **Id.** (citation omitted).

there was no evidence that he took any merchandise from the store and Crouse represented that she acted alone. This issue merits no relief.

The Crimes Code provides that "[a] person is guilty of conspiracy with another person or persons to commit a crime if with the intent of promoting or facilitating its commission he: (1) agrees with such other person or persons that they or one or more of them will engage in conduct which constitutes such crime . . . ; or (2) agrees to aid such other person or persons in the planning or commission of such crime . . . ." 18 Pa.C.S. § 903(a). A conspiracy is almost always proved through circumstantial evidence of the conduct of the parties and the surrounding circumstances. *See Commonwealth v. Lambert*, 795 A.2d 1010, 1016 (Pa. Super. 2002), *appeal denied*, 805 A.2d 521 (Pa. 2002). A person commits retail theft if he or she "takes possession of, carries away, transfers or causes to be carried away or transferred, any merchandise displayed, held, stored or offered for sale by any store or other retail mercantile establishment with the intention of depriving the merchant of the possession, use or benefit of such merchandise without paying the full retail value thereof[.]" 18 Pa.C.S. § 3929(a)(1).

Here, Monn testified that the video surveillance footage showed that Forsythe and Crouse were in the store for about thirty to forty minutes and that during that time, Crouse put several items of merchandise into her purse. (*See* N.T. Trial, at 31-32, 34). Although Crouse did not have the purse when she initially entered the store, Forsythe went outside to retrieve it for her from

his truck. (*See id.* at 33, 43-44). Forsythe then pointed at certain items that ended up in Crouse's purse. (*See id.* at 26, 33). The couple held conversations while items were concealed in Crouse's purse, and Crouse showed Forsythe merchandise on the shelves that she had taken. (*See id.* at 33, 44). They exited the store together after purchasing a few pet-related items and left the property in Forsythe's vehicle. (*See id.* at 34-35).

After review of the record, we conclude that although Forsythe did not physically remove any items from the store, a conspiracy can be inferred from the circumstantial evidence regarding his and Crouse's actions. Therefore, viewing the evidence in the light most favorable to the Commonwealth as verdict-winner, the evidence was sufficient to support Forsythe's Criminal Conspiracy to Commit Retail Theft conviction. Accordingly, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 02/27/2019