J-A09029-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MARTELL SMITH | : | |
| | : | |
| Appellant | : | No. 32 WDA 2023 |

Appeal from the Judgment of Sentence Entered September 22, 2022
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0001485-2018

BEFORE: DUBOW, J., KUNSELMAN, J., and NICHOLS, J.

MEMORANDUM BY KUNSELMAN, J.: **FILED: June 18, 2024**

Martell Smith appeals from the judgment of sentence of three terms of life, plus 80 to 160 months of imprisonment, imposed after he was convicted of second-degree murder and arson.[1] He challenges the sufficiency of the evidence identifying him as the perpetrator of these crimes. We affirm.

The pertinent facts are as follows. Rico Carter knew Smith from the Homewood neighborhood of Pittsburgh. Early on December 20, 2017, Rico was at a bar in Penn Hills, where he broke up an altercation between Smith and Chris Evans. Rico went outside and fought with Smith. Surveillance footage showed Rico hitting Smith repeatedly while Smith retreated until a security guard intervened. Rico departed for a social club in a friend's car.

---

[1] 18 Pa.C.S.A. §§ 2502(b) (three counts of murder of the second degree), 3301(a.1)(2) (three counts of aggravated arson), 3301(a)(1)(i) (four counts of arson endangering persons), and 3301(c)(2) (arson endangering property).

Smith drove away, too, in a white Pontiac Grand Prix. Smith knew that Rico lived at 7634 Bennett Street in Homewood. (Rico testified that he kept losing his keys, so the door to his house was sometimes unlocked.) At 2:08 a.m., Smith drove to a Sunoco gas station in Wilkinsburg (near Homewood). He walked inside and bought a red gas can, which he filled up at the pump. Smith drove away from the Sunoco parking lot at 2:11 a.m. At 2:15 a.m., video showed headlights on Durango Way, near Bennett Street. By 2:18 a.m., bystanders were looking down Bennett Street, where Rico's house was burning. Smith's car turned from Bennett Street to Brushton Avenue at 2:20 a.m.

Rico was not home, but his girlfriend Shamira Staten, Shamira's daughter Chy'enne Manning, Rico's stepmother Sandra Lynn Carter-Douglas, and Sandra's husband Cecil Douglas were inside. Shamira yelled for Sandra that the house was on fire. Cecil found flames blocking the stairs from his third-floor bedroom. He woke Sandra. Cecil hurt his foot escaping from the window. Sandra, Shamira, and four-year-old Chy'enne all perished in the fire.

Smith was among the bystanders to the early-morning blaze, wearing the same black Steelers hat, gray-and-black coat, jeans, and black shoes with white soles he had worn all night. Video captured Smith pacing and interacting with others in the crowd aggressively. Ericka Hall, who had come to look at the fire, heard Smith say, "See what happens when you fuck with me."[2] Jerry

---

[2] Hall knew Smith and had identified him in a photograph, writing: "Heard this gentleman say, 'Yep, yep, I did it. Should not have fucked with me.' . . ."

Mahone, another bystander, heard one of the people in the crowd say, "I don't care. Let it burn. Burn baby burn." He saw that person fight with others in the area. Mahone recalled the person wearing "[s]omething like a black bubble coat, winter hat, like with a Steeler sign on it or some type of gray sign on his hat." Mahone identified Smith's picture as the person he observed.

Officials investigated the scene of the fire, which smelled of gasoline. A dog trained to smell accelerants indicated on four areas inside the first floor of the house, and later the passenger floor mat and trunk of the white Pontiac Grand Prix, as well as articles of Smith's clothing. Investigators determined that the fire was intentionally set on the first floor of the house.

That night, police detained Smith, who smelled like gasoline. Smith gave inconsistent statements in an interview, including about when he bought the gas can and where he left it. He maintained that he "didn't pay . . . no mind" to Rico attacking him in the parking lot, which left him with a split lip and a black eye. Smith told police that he had walked to the gas station and only went to the scene of the fire to see what was happening. He opined that the gas can would be in the back seat or the trunk of the Grand Prix. It was not. Later, in a recorded jail call, Smith mentioned that the gas can could be in his Acura. Police located a red gas can in a black Acura where Smith had said it would be parked.

Police charged Smith. His case went to a jury trial from September 12 to 22, 2022. The jury found Smith guilty of the above crimes. The trial court immediately sentenced Smith to three consecutive terms of life, followed by

- 3 -

80 to 160 months of imprisonment. Smith filed post-sentence motions, which the trial court denied. Smith timely appealed. Smith and the trial court complied with Pennsylvania Rule of Appellate Procedure 1925.

Smith challenges the sufficiency of the evidence to prove that he was the perpetrator of the offenses. He urges that his convictions are based on conjecture, and the evidence established that the fire could have started while he was undisputably at the gas station.

For a sufficiency claim, our standard of review is *de novo*, and our scope of review is plenary. **Commonwealth v. Bishop**, 936 A.2d 1136, 1141 (Pa. Super. 2007). This Court must determine whether all evidence from trial, viewed in a light most favorable to the Commonwealth, is sufficient to support the verdict by establishing every element of the offenses. **Commonwealth v. Ratsamy**, 934 A.2d 1233, 1236 (Pa. 2007). Notably, circumstantial evidence can be sufficient, and on appeal, the Commonwealth receives the benefit of all reasonable inferences from the evidence at trial. **Id.** at 1237. Evidence to sustain a conviction, however, must raise more than "a suspicion of guilt. The inference of guilt must be based on facts and conditions proved; mere conjecture or surmise is not sufficient." **Commonwealth v. Garrett**, 222 A.2d 902, 905 (Pa. 1966).

These same principles apply for a challenge to the sufficiency of the evidence to identify a defendant as the perpetrator of the alleged crimes. **Commonwealth v. Smyser**, 195 A.3d 912, 915 (Pa. Super. 2018). Direct identification evidence is not necessary to sustain a conviction, and the

evidence identifying the defendant may be circumstantial. ***Id.*** The testimony identifying a defendant "need not be positive and certain," ***id.***, and any variances in identification testimony go to the witnesses' credibility rather than to evidentiary sufficiency. ***Commonwealth v. Johnson***, 180 A.3d 474, 478 (Pa. Super. 2018).

Here, the evidence was sufficient to prove Smith was the person who started the fire. First, he had a motive to do so. Earlier in the night, Rico had fought Smith in the parking lot of the bar, leaving Smith with injuries to his face. Rico left, and Smith knew where Rico lived. Despite Smith later downplaying the severity of the fight, the jury could reasonably find that Smith wanted to get swift revenge for being attacked in the parking lot of the bar.

The remaining evidence reasonably supports a finding that Smith acted on his motive by setting Rico's house on fire. Smith drove to a gas station near Homewood, bought a gas can, and filled it before driving toward Rico's house. A gasoline-fueled fire then started on the first floor of Rico's house. Smith appeared among the spectators to the blaze, behaving aggressively and remarking, "See what happens when you fuck with me," and "I don't care. Let it burn. Burn baby burn." When he was arrested, Smith and his clothes smelled of gasoline. The evidence goes beyond Smith's mere presence at the scene and, viewed in a light most favorable to the Commonwealth, is sufficient to identify Smith as the person who set the fire.

The evidence is not insufficient based on the gaps that Smith alleges. The fire lieutenant testified that when he arrived at 2:24 a.m., the fire had

possibly been burning for a long time. This, however, would not foreclose the likelihood that the fire started after Smith left the gas station, when spectators began looking at it. The jury was aware of the issues with the bystanders' testimony—Hall's criminal charges and Mahone's description of Smith's "bubble" coat—and was free to determine their credibility. Further, the jury could reject Smith's explanation for why he was deceptive in his police interview and instead find that he lied because he was the person who set Rico's house on fire.

Therefore, the trial evidence was sufficient to identify Smith as the perpetrator of the crimes. Smith's issue fails, and we affirm.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

6/18/2024