J-A12041-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| JOHN J. O'BRIEN | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| AMY HERZOG, BARBARA HERZOG, | : | No. 1594 EDA 2023 |
| DENNIS, HERZOG, MICHAEL | : | |
| HERZOG,  PERFECT PAINTING AND | : | |
| MORE, INC., UNIVERSITY PAINTERS | : | |
| OF BALTIMORE, INC. | : | |

Appeal from the Order Entered May 19, 2023
In the Court of Common Pleas of Montgomery County Civil Division at
No(s):  2020-15782

BEFORE:   PANELLA, P.J.E., KING, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:                    **FILED JULY 15, 2024**

Appellant, Attorney John J. O'Brien, appeals from the order entered in the Court of Common Pleas of Montgomery County granting preliminary objections filed by Appellees, Amy Herzog *et al*, dismissing Appellant's civil action seeking payment of allegedly outstanding legal fees.  We affirm.

The trial court sets forth the relevant facts and procedural history, as follows:

> Appellant initiated the instant action by filing a Summons for a Civil Action in the Montgomery County Court of Common Pleas on September 30, 2020, as reflected on the Montgomery County Docket.  The docket indicates that this Summons was never served upon Appellees [in three attempts within a two-week

_____

[*] Former Justice specially assigned to the Superior Court.

period in October 2020, made at the same Maryland address]. The docket also indicates that the writ was never reinstated after . . . ninety days[, pursuant to Pa.R.Civ.P. 404, which requires out-of-state service by a competent adult within 90 days of issuance]. A Complaint was filed on March 6, 2023, and served by certified mail upon Appellees on March 13, 2023.

Appellees filed Preliminary Objections to Appellant's Complaint pursuant to Pennsylvania Rule of Civil Procedure 1028(a)(1), for failure of Appellant to properly serve the writ of summons. [The trial court] sustained Appellee's Preliminary Objection, dismissing the Complaint.

On June 14, 2023, the instant timely notice of direct appeal was filed with the Superior Court of Pennsylvania. By Order dated June 20, 2023, [the trial court] directed Appellant to file a statement of errors complained of on appeal, pursuant to Pennsylvania Rule of Appellate Procedure 1925(b).

Appellant submitted a timely filing entitled "1925 Memorandum" with the [trial court] on July 6, 2023. [It is the trial court's opinion] that Appellant's concise statement fails to raise its claims of error in a concise and clear manner. Rather, Appellant's concise statement[, the trial court opines], does not provide any allegations of error and merely cites caselaw and statutes [and] does not provide a coherent assertion of error by [the trial court]. . . . As such, [the trial court determined that] Appellant waives all claims of alleged error [pursuant to Pa.R.A.P. 1925(b)(4)(iv)[.]

Trial Court Opinion, 7/18/2023, at 1-2.

Initially, before we may address the merits of Appellant's appeal, we must determine whether he has preserved his claims by including them in a rule-compliant concise statement of matters to be raised on appeal. Appellant presented the following Pa.R.A.P. 1925(b) Concise Statement of Matters Complained of on Appeal:

PERIOD FOR SERVICE

Lamp v. Heyman 366 A2d Pa 1976 states:

- 2 -

....Pa R C P 1009(a) provides that a writ shall be served within thirty days after issuance or filing, it may, pursuant to Pa R C P 1010(a), be reissued at any time after the original issuance during a period equivalent to that permitted by the applicable statute of limitations for commencement of the action.... at page 471

So does "equivalent" mean two years, four years or both for a contract action? It would appear that Witherspoon v. City of Phila, 768 A.2d 1079 Pa 2001 addressed this issue. However in Sardo v. Smith 851 A2d 164 Pa. Super 2004 the Superior Court did not follow Witherspoon because it was a plurality opinion and found that Lamp v. Heyman is still good law. At page 170

So the lower court made an error of law when it found that the "equivalent" period in a contract action is not four years.

GOOD FAITH EFFORT

The plaintiff incorporates by reference the Motion for Reconsideration which contains Exhibits to show a good faith effort. These documents show that a good faith effort to serve the defendants at least four (4x) times. These documents also showed how the defendants could avoid service when the defendants were given a card from the Post Office which would show the Plaintiff's name. So the defendants would be aware that an action had been filed. Exhibit A

It would be an error of law and an abuse of discretion to conclude that the Plaintiff did not use a good faith effort to serve the defendants.

Appellant's Pa.R.A.P. 1925(b) Concise Statement.

The trial court determined that the concise statement "does not provide a coherent assertion of error by [the trial court]. . . [and] fails to raise its claims of error in a concise and clear manner[.] Trial Court Opinion, 7/28/23, at 2. Rather than alleging error, according to the trial court, Appellant's

- 3 -

concise statement "merely cites case law and statutes" preventing the court from ascertaining the allegations of error. *Id.* at 2-3.

While we find Appellant's Rule 1925(b) statement cumbersome, his questions raised therein are discernable. Specifically, he complains that the trial court erred in granting Defendants/Appellees' Preliminary Objections because, (1) he timely reissued his writ of summons by filing his Complaint before the expiration of the four-year equivalent period applicable to his breach of contract claim, and (2) he made a good faith effort to serve process upon Defendants/Appellants immediately after filing his *praecipe* for the writ. Moreover, although the trial court's opinion deems Appellant's Rule 1925(b) statement incoherent, it does address and dismiss both issues on the merits, albeit in short order. Therefore, we decline to find Rule 1925(b) waiver and proceed to merits review. *See Commonwealth v. Smyser*, 195 A.3d 912, 916 (Pa. Super. 2018) (addressing claim, despite the potential waiver for a non-compliant Rule 1925(b) statement, because the trial court could "readily apprehend" the issue).

Our standard of review of a trial court's order sustaining preliminary objections for improper service of process,

> is to determine whether the trial court committed an error of law. When considering the appropriateness of a ruling on preliminary objections, the appellate court must apply the same standard as the trial court. When considering preliminary objections, all material facts set forth in the challenged pleadings are admitted as true, as well as all inferences reasonably deducible therefrom. Preliminary objections which

> seek the dismissal of a cause of action should be sustained only in cases in which it is clear and free from doubt that the pleader will be unable to prove facts legally sufficient to establish the right to relief.

*Joyce v. Erie Ins. Exch.*, 74 A.3d 157, 162 (Pa. Super. 2013) (citation omitted).

We address, specifically, the question raised in Appellant's brief asking whether the trial court erred when it granted Appellees' preliminary objections and dismissed his suit because he failed to demonstrate a requisite good faith effort to effectuate service of process upon Appellees, as we find this issue dispositive. A challenge asserting that a lower court's decision conflicts with precedent on the issue of whether a plaintiff demonstrated a good faith effort to effectuate service of process presents a question of law for which "our scope of review is plenary, and our standard of review is de novo." *Gussom v. Teagle*, 665 Pa. 189, 247 A.3d 1046, 1052 n.4 (2021) (internal citation omitted).

The record before the trial court established that Appellant allowed two-and-one-half years of inactivity on the docket to occur after making three unsuccessful initial attempts within a two-week period to effectuate post-limitations period service of process of a suit filed just prior to the expiration of the statute of limitations. Furthermore, Appellant failed in that protracted

period of inactivity to maintain the vitality of the writ by having it reissued in accordance with the rules.[1]

The court reasoned that Appellant's "allegations, if any, about difficulty in serving the writ on Appellees would not prevent [him] from timely reinstating the writ, and would therefore not alleviate [him] from having to abide by Pa.R.C.P. 401." Trial Court Opinion, 7/18/23, at 4. Appellees assert that the trial court decided correctly given both Appellant's failure to effectuate out-of-state service of the writ within 90 days of its issuance and his subsequent failure over the next 30 months to do anything to prevent the legal machinery he had set in motion from stalling, such as filing praecipe for the reissuance of the writ to prevent it from lapsing pursuant to Rule 401(b)(1) and making inquiries necessary for successful service of process.

Appellant contends that his three attempts at service occurring in immediate succession in October 2020, alone, satisfied his obligation to make a good faith effort to serve process upon Appellees. We disagree.

Appellant filed the writ of summons on September 30, 2020, just one week before the October 7, 2020, date on which the four-year limitations period applicable to his breach of contract claim expired. He maintains that

---

[1] If the plaintiff is unable to serve the Complaint within the period prescribed by Rule 401(a), the plaintiff may file a praecipe for the reissuance of the writ or reinstatement of the Complaint in order to continue its validity. Pa.R.C.P. 401(b).

although he failed to serve process, he made a good faith effort to do so at Appellees' Maryland address during mid-to-late October 2020.[2]

It is undisputed that upon receiving confirmation from the courier that three consecutive attempts at this service within a two-week period went "unclaimed", Appellant's response was to allow two-and-one-half years to pass without either inquiring about the failed service, attempting service at an alternate address, notifying the court pursuant to Pa.R.C.P. 405 about the return of service, or maintaining the vitality of the writ of summons by filing praecipe upon the prothonotary to designate the writ reissued pursuant to Pa.R.Civ.P. 401(b)(1). As such, the present docket lay inactive until March 2023, when Appellant filed a Complaint and perfected service at the same Maryland address.

The Pennsylvania Supreme Court recently addressed the good faith standard of diligent attempt at timely service of process on a defendant so that dismissal of a writ or complaint is not warranted. In *Ferraro v. Patterson-Erie Corporation*, 313 A.3d 987, 1001 (Pa. 2024), the plaintiff, acting through counsel, filed a Complaint in negligence five months within the statute of limitations and forwarded instruction and payment to the Sheriff to serve the Complaint. One attempt at service failed, but "[i]nstead of reinstating the Complaint and again attempting service through the Sheriff or seeking leave of court to utilize an alternative method of service, Ferraro's

_____

[2] As noted *supra*, all three attempts at service occurred after the limitations period had run.

counsel opted to informally notify [the defendant] that a lawsuit was filed, having a private process service deliver to [the defendant] a copy of the original (unreinstated) Complaint." *Id.* at 1000. Plaintiff Ferraro and counsel knew this method did not qualify as an attempt to effectuate service of original process.

In the ensuing months, plaintiff never retried service of process under the rules, and she allowed the Complaint to lapse without reinstatement. It was not until eight months after the original filing of the Complaint—and two and one-half months after the limitations period would have elapsed but for the filing of the Complaint—that plaintiff Ferraro reinstated the Complaint and effectuated rule-compliant service by Sheriff. *Id.* at 1006.

The defendant filed an answer and new matter asserting the action was barred by the statute of limitations because plaintiff Ferraro neither effectuated service of process nor reinstated the lapsed Complaint before expiration of the limitations period. The trial court denied the defendant's answer and new matter, and, in an interlocutory appeal, this Court affirmed.

The Supreme Court granted defendant's petition for allowance of appeal on the question asking whether this Court erroneously concluded that plaintiff Ferraro was excused from complying with the Rules of Civil Procedure to serve timely original process via the Sheriff before the statute of limitations expired. *Id.* at 991. Specifically, the defendant argued that it was "Ferraro's burden to prove that she made a good faith effort to effectuate service in a timely

manner[, and that] without it, commencement of the action is nullified and the statute of limitations is not tolled." *Id.* at 995.

While the Pennsylvania Supreme Court considered the issue of 'whether *defective* service constituted a good faith effort to effectuate service' under our precedent[,]" *Id.* (quoting **McCreesh v. City of Philadelphia**, 888 A.2d 664, 668 n.9 (Pa. 2005)) (italics added), important to our purposes in the case *sub judice* is that the Supreme Court, in making its inquiry, examined the elements of a good faith effort to give notice. As an overview, the Court reviewed pertinent rules of civil procedure and interpretive decisional law governing service of process, and it recognized the requirement that a plaintiff provide a defendant with timely notice of the legal action against them. *Id.* at 1001-02.

Discussed in this regard was, *inter alia*, the advent of the court-made "equivalent rule", which, by limiting the time in which a plaintiff may reissue the writ or Complaint and effectuate service of process to a period equal to the applicable statute of limitations period, seeks to curb the abusive practice of a plaintiff interminably delaying notice of a timely-filed legal action. *Id.* at 1002. Over time, the equivalent rule has been modified "to require a plaintiff to engage in a good faith effort to effectuate service of process." *Id*. Under **Gussom v. Teagle**, 247 A.3d 1046 (Pa. 2021), **Ferraro** noted, the Supreme Court determined that the inquiry "require[es] the plaintiff 'to prove that she made a good faith effort to effectuate service of process in a timely manner.'" *Id.* at 1105 (quoting **Gussom**, 247 A.3d at 1056).

- 9 -

The plaintiff in **Ferraro** argued that her good faith effort to effectuate service on the defendant was established by a record showing she provided the Sheriff with payment and instructions necessary for rule-compliant service of process upon the defendant within the limitations period. The Supreme Court expressed concern, however, about the eight months of plaintiff's inaction from the time she forwarded the Complaint to the Sheriff for service to the time she first inquired about such service and only thereafter reinitiated attempts and accomplished service. **Id.** at 1009.

Particularly problematic, the Court observed, was that during this lengthy period of inactivity plaintiff Ferraro neither made additional efforts to effectuate service nor reinstated the Complaint to maintain its vitality given the proximity of the original statute of limitations run date:

> Ferraro first posits that her initial instruction to the Sheriff is sufficient to establish her good faith effort to effectuate service of process on the defendant. In her view, even if she knew the attempt at service failed, her use of the private process server to follow up and give notice evidences that she did not intend to stall the litigation. We reiterate that the good faith effort is to diligently and timely **serve process** on the defendant. Here, aside from forwarding the Complaint for service to the Sheriff with payment, Ferraro made no efforts to inquire about or perfect service until nearly eight months after filing the Complaint and more than two months after the original date of the statute of limitations. Plaintiff's inaction in failing to effectuate service in proximity to the original statute of limitations run date is critical in the analysis of the good faith in plaintiff's efforts. Although the statute of limitations is tolled by the filing of a Complaint or writ, the original date that the statute of limitations would have run is relevant because that is the moment at which the defendant is entitled to protection against stale claims. Here, the date is August 26, 2020. The vitality of the original Complaint expired in or around the end of April 2020 (thirty days after the filing of the Complaint) and no

effort was made to reinstate the Complaint prior to August 26, 2020. The Complaint was not reinstated and instructions for service were not reissued until November 3, 2020 (sixty-nine days after the original statute of limitations expired). Ferraro produced **no evidence** to account for the lack of effort to effectuate service during this time period or for four months preceding it and after the original attempt at service failed.

. . .

Under the facts of this case, Ferraro failed to carry her initial burden of demonstrating that she made a good faith effort to diligently and timely serve process on Burger King. One effort of service of process prior to the date on which the statute of limitations would have expired and no further effort until over two months after the expiration date is the opposite of diligence in timely serving process on the defendant.

*Id.* at 1009-10 (emphasis in original).

After careful review of the facts before us, we find ***Ferraro*** "good faith effort" analysis controls the present matter. At issue here, as was the case in ***Ferraro***, is a timeline where the plaintiff files a timely praecipe for writ or Complaint but accomplishes service of process well beyond the date on which the limitations period has expired and only after having engaged in unforced delay.[3] ***Ferraro*** notes the significance of a timeline in which the respective acts of tolling the limitations period and delaying attempts at service straddle the original date on which the limitations period would have run, as the consequential failure to effectuate service then extends into the post-limitations period in which a defendant is entitled to protections against stale

_____

[3] We deem relevant to our analysis is the plaintiff in ***Ferraro*** made one failed attempt at service of process within the limitations period, whereas Appellant's three attempts in succession occurred after the limitations period had run.

claims. *Ferraro*, at 1010. It is within this context, *Ferraro* instructs, that a plaintiff's diligence in effectuating service of process must be viewed.

In the case *sub judice*, Appellant made three post-limitations period attempts within two weeks to serve process at the same address, with each attempt returned as unclaimed. In response to this failed initial attempt at service, Appellant did nothing. The record evinces no effort by Appellant to ascertain why his attempt was unsuccessful within that two-week period, nor did he engage in the process of reissuing the writ after 90 days had expired so that he could maintain the vitality of the writ and retry effectuating service. Instead, Appellant allowed the docket to remain inactive for the next 2½ years in the post-limitations period without explanation before he filed a Complaint and served it upon Appellees at the same address.

Under governing jurisprudence, we conclude that Appellant failed to demonstrate a requisite good faith effort to diligently and timely serve process on Appellees. Every indication of record is that Appellant elected to commence his action at the very end of the limitations period, abandoned all efforts to effectuate post-limitations period service of process after a mere two weeks, and allowed the docket to lay inactive for the next two and one-half years. For this reason, we discern no abuse of discretion or error of law in the trial court's decision that Appellant's conduct evinced an intent to stall the judicial machinery he had set in motion.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler

Benjamin D. Kohler, Esq.
Prothonotary


Date: 7/15/2024