J-S11044-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                     :         PENNSYLVANIA
                                     :
             v.                       :
                                     :
                                     :
YONI CONTRERAS                    :
                                     :
             Appellant            :    No. 1497 EDA 2023

Appeal from the Judgment of Sentence Entered March 15, 2023
In the Court of Common Pleas of Lehigh County Criminal Division at
No(s): CP-39-CR-0002970-2021

BEFORE:   BOWES, J., McLAUGHLIN, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:                   **FILED OCTOBER 9, 2024**

Appellant, Yoni Contreras, appeals from the judgment of sentence of 20 to 40 years' incarceration imposed on him after he was convicted by a jury of attempted murder with serious bodily injury and aggravated assault.[1] For the reasons set forth below, we affirm.

Appellant was charged with the above offenses and carrying a firearm without a license for shooting a man (Victim) five times at close range in a parking lot in Allentown, Pennsylvania on April 29, 2021. These charges were tried to a jury from November 8 to 10, 2022. At Appellant's trial, the Commonwealth called 11 witnesses, including a woman who was at the scene

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. §§ 901(a), 2502(a), and 1102(c), and 2702(a)(1), respectively.

at the time of the shooting, police officers who responded to and investigated the shooting, and a physician who treated Victim and testified concerning the extent of Victim's injuries. In addition, the Commonwealth introduced a video recording of the shooting from the surveillance camera at a nearby store and recordings of four telephone calls between Appellant and state prisoners. Appellant testified in his own defense.

The police officer who first arrived on the scene testified that while she was on patrol nearby on April 29, 2021, she heard what she believed were gunshots, that she immediately went toward the area from which the shots came, and that she found Victim shot and covered in blood and saw fired cartridge casings in the parking lot. N.T. Trial, 11/8/22, at 49-55. A police officer who investigated the crime scene on the day of the shooting testified that five fired cartridge casings were found at the scene. N.T. Trial, 11/9/22, at 33-40, 45. All five fired cartridge casings were determined by firearms and tool marks experts to have been from the same firearm, but the firearm was never found. *Id.* at 202, 207, 212, 231-32; Commonwealth Ex. 68.

The surveillance video showed a man wearing a white t-shirt pull out a gun and fire it multiple times at Victim. Commonwealth Ex. 3. The video showed the shooter and a man wearing an orange jacket then get into a white van and showed the van driving away after they got in. *Id.* The video also showed the shooter interacting with the man wearing the orange jacket just before he began shooting at Victim. *Id.*

The woman who was at the scene at the time of the shooting testified that she knew both Appellant and Victim and that the white van in the video was her van. N.T. Trial, 11/8/22, at 96-97, 112-13. She testified that she was in the parking lot where Victim was shot in the white van with her ex-boyfriend, who was the driver, and two of her children. *Id.* at 98-99. She testified that her ex-boyfriend got out of the van, that she remained in the van with her children, talking on her phone, and that she did not see the shooting or hear any gun shots. *Id.* at 103-04, 109-10, 115, 128-29. She testified that her ex-boyfriend suddenly said "we're leaving," that Appellant and another man got in the van, and that the van then drove off. *Id.* at 109-11, 151-52. She also testified that Appellant was wearing a white t-shirt and that the other man who got into the van with Appellant, who she knew as Fetty, was wearing a yellow or orange jacket. *Id.* at 109-14.

In the prison calls, which occurred April 29 and 30, 2021, May 18, 2021, and June 1, 2021, Appellant admitted shooting Victim. In calls on April 29, 2021, shortly after the shooting, and on April 30, 2021, the day after, Appellant told the other party on the call that he was involved in "some gangster shit" with Victim on April 29, 2021, and that Victim was shot and was in the hospital. Commonwealth Ex. 48-51. In the May 18, 2021 call, Appellant told the other person that he was on the run because he shot Victim. Commonwealth Ex. 52-53. In the June 1, 2021 call, Appellant told the other party that he was with Fetty, that Victim was disrespecting him, that he asked

Fetty to "give me the jawn," that Fetty "pass it to me," and that he, Appellant, shot Victim five times. Commonwealth Ex. 54-55.

At trial, Appellant denied shooting Victim and testified that he was at the parking lot in a blue car when Victim was shot, that he drove away when he heard gun shots, and that he did not get into the white van. N.T. Trial, 11/9/22, at 238-45, 261. Appellant admitted that he said in the prison calls that he shot Victim but asserted that he was claiming to have shot Victim to impress fellow members of his gang and protect himself from threats to his safety. *Id.* at 251-55, 288-90, 299-307.

On November 10, 2022, the jury convicted Appellant of all charges. N.T. Trial, 11/10/22, at 110-15. Immediately following the verdict, Appellant moved for a judgment of acquittal on the charge of carrying a firearm without a license on the ground that the Commonwealth had not proved that Appellant lacked a license to carry a firearm, and the trial court granted that motion. *Id.* at 115, 117-19. On March 15, 2023, the trial court sentenced Appellant to 20 to 40 years' incarceration for the attempted murder with serious bodily injury conviction and imposed no sentence for aggravated assault on the ground the aggravated assault conviction merged with the attempted murder conviction. Appellant filed a timely post-sentence motion in which he sought, *inter alia*, a new trial on the ground that the verdict was against the weight of the evidence. The trial court denied Appellant's post-sentence motion, and Appellant timely appealed from his judgment of sentence.

Appellant raises the following two issues in this appeal:

A. Whether the evidence was sufficient to sustain the defendant's conviction if the Commonwealth failed to preset proof of the defendant being the shooter and possessing the firearm?

B. Was the verdict against the weight of all the evidence in regards to the proof of whether or not the defendant was properly proven to have been the perpetrator of the shooting?

Appellant's Brief at 4 (description of trial court rulings omitted).

Our standard of review in a challenge to the sufficiency of the evidence is well-settled:

The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Tucker*, 143 A.3d 955, 964 (Pa. Super. 2016) (quoting

*Commonwealth v. Hansley*, 24 A.3d 410 (Pa. Super. 2011)) (brackets

omitted).

The Commonwealth is required to introduce sufficient evidence to prove beyond a reasonable doubt both the statutory elements of the crimes and that the defendant was the perpetrator of the crimes. ***Commonwealth v. Smyser***, 195 A.3d 912, 915 (Pa. Super. 2018); ***Commonwealth v. Brooks***, 7 A.3d 852, 857 (Pa. Super. 2010). Appellant does not dispute that the evidence was sufficient to prove the elements of the offenses of attempted murder with serious bodily injury and aggravated assault. Rather, he argues only that the evidence was insufficient to prove that he was the person who shot Victim. Appellant's Brief at 6-10.

Contrary to Appellant's contentions, the evidence introduced at trial was sufficient to prove that Appellant was the person who shot Victim. The video showed a person wearing a white t-shirt shoot Victim multiple times, showed that person and a man wearing an orange jacket get into a white van after shooting Victim, and showed the van then leaving the scene. Commonwealth Ex. 3. A woman who was in that white van at the time of the shooting identified Appellant as the person wearing a white t-shirt who got into her van just before it left the scene. N.T. Trial, 11/8/22, at 109-14, 151-52. In addition, Appellant admitted that he shot Victim in multiple phone calls to individuals that he knew. Commonwealth Ex. 48-55.

Appellant argues that the evidence was insufficient to prove that he committed the crimes because there was no "definitive proof that he was the shooter" and no witness testified to seeing him shoot Victim or recognized him

on the videotape. Appellant's Brief at 6-10. That argument is without merit. The absence of DNA evidence, fingerprint evidence, and testimony of any witness that they saw the defendant commit the crimes does not make the evidence insufficient where other evidence is introduced that is sufficient to show that the defendant was the perpetrator. *Commonwealth v. Hobel*, 275 A.3d 1049, 1069-71 (Pa. Super. 2022). Here, as discussed above, there was an identification of Appellant as the person that the video showed was the shooter, and Appellant admitted committing the crime. That was sufficient to prove that Appellant was the shooter without any further identification evidence or forensic evidence. *Id.* at 1070-71 (evidence was sufficient where Commonwealth showed that defendant told his friend that he committed robberies and that defendant was found with clothing and a gun that matched what the perpetrator was wearing and carrying in videos of the robberies and defendant was found with the same brand of cigarettes that the perpetrator took in one of the robberies).

Appellant contends in his second issue that the verdict was against the weight of the evidence based on the same alleged deficiencies as in his sufficiency of the evidence argument and on basis of the alleged "weakness" of the testimony identifying him coupled with his own testimony. Appellant's Brief at 6, 10. This claim likewise merits no relief.

A new trial may be granted on the ground that the verdict is against the weight of the evidence only where the verdict is so contrary to the

evidence that it shocks the trial court's sense of justice. ***Commonwealth v. Clemons***, 200 A.3d 441, 463 (Pa. 2019); ***Commonwealth v. James***, 268 A.3d 461, 468 (Pa. Super. 2021); ***Commonwealth v. Antidormi***, 84 A.3d 736, 758 (Pa. Super. 2014). Our review of the denial of a motion for a new trial based on weight of the evidence is limited. We review whether the trial court abused its discretion in concluding that the verdict was not against the weight of the evidence, not whether the verdict, in this Court's opinion, was against the weight of the evidence. ***Clemons***, 200 A.3d at 463-64; ***Hobel***, 275 A.3d at 1071 n.9; ***Commonwealth v. Delmonico***, 251 A.3d 829, 837 (Pa. Super. 2021).

> Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge …. One of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence ….

***Hobel***, 275 A.3d at 1071 n.9 (quoting ***Delmonico***).

The trial court found that the jury's verdict was not against the weight of the evidence because the jury could properly reject both Appellant's attempts to discredit the woman who identified him as the person in a white t-shirt who got into her van and Appellant's testimony that his admissions that he shot Victim were false boasts. Trial Court Opinion, 8/10/23, at 10-12. That conclusion was not an abuse of discretion. Moreover, the fact that no witness testified that they saw him shoot Victim and that there was no DNA or fingerprint evidence does not make a guilty verdict against the weight of the

evidence where, as here, other evidence is introduced that is sufficient to show that the defendant was the perpetrator. **Hobel**, 275 A.3d at 1071-72.

For the foregoing reasons, neither of Appellant's issues merits relief. Accordingly, we affirm Appellant's judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 10/09/2024