J-S22023-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DEREK ALAN MANZ | : | |
| | : | |
| Appellant | : | No. 1275 MDA 2024 |

Appeal from the Judgment of Sentence Entered June 17, 2024
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s): CP-36-CR-0001914-2023

BEFORE:   LAZARUS, P.J., BOWES, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY BOWES, J.:                       **FILED AUGUST 15, 2025**

Derek Alan Manz appeals from the judgment of sentence of twenty-five to fifty years of incarceration for his convictions of aggravated indecent assault of a child, unlawful contact with a minor, indecent assault, endangering the welfare of children, and two counts of corruption of minors.  We affirm.

These convictions arose from an incident on February 5, 2023, when Appellant touched the vagina of his girlfriend's seven-year-old daughter, E.S. The child immediately reported the contact to her Mother, who ultimately reached out to the police.  Following an investigation, Appellant was charged with the above-mentioned crimes.  He proceeded to a jury trial, at the conclusion of which he was found guilty as charged.

_____

[*] Former Justice specially assigned to the Superior Court.

Thereafter, the court imposed concurrent sentences of twenty-five to fifty years for the aggravated indecent assault, unlawful contact, and indecent assault convictions. **See** 42 Pa.C.S. § 9718.2(a)(1) (requiring a mandatory prison sentence of twenty-five to fifty years for any person previously convicted of an offense set forth in 42 Pa.C.S. § 9799.14). As to the remaining charges, the court imposed concurrent terms of imprisonment of one to five years. Additionally, Appellant was designated as a lifetime sexual offender registrant.

Appellant timely filed a post-sentence motion, baldly challenging the sufficiency and weight of the evidence. Although he acknowledged that the claims as pled would not withstand appellate scrutiny, he raised them in an effort to preserve the issues, faulted the inadequate specificity upon the lack of a trial transcript, and sought leave to amend upon receipt of the transcripts. **See** Post-Sentence Motion, 6/25/24, at ¶¶ 2.6-2.12. On the next day, the court granted leave to so amend and, importantly, the notes of testimony of the jury trial were reduced to transcription in three volumes. Notwithstanding the availability of the trial transcripts and the granting of permission to amend his post-sentence motion, Appellant filed no supplement. The trial court thereafter denied his motion summarily.

This timely appeal followed.[1]  In response to the court's order to file a concise statement of errors, Appellant promptly submitted a Pa.R.A.P. 1925(b) statement.  Therein, he challenged the sufficiency of the evidence as to all his convictions, and asserted in the alternative that "the verdict was against the greater weight of the evidence."  Concise Statement, 9/12/24, at ¶¶ 6.1-6.2.  Critically, he did not specify which elements of which crimes were insufficiently proven, nor did he explain how the trial court abused its discretion in denying his weight claim.  As a result, the trial court concluded that it was incapable of conducting the requisite review and authored no substantive opinion.  Further, it observed that Appellant's inadequate post-sentence motion had prevented the court from addressing the "weight claim in the first instance, precluding such issue on appeal."  *See* Trial Court Opinion, 10/28/24, at 3-6.

In this Court, Appellant presents a single issue, which he frames thusly: "Whether the jury's verdict as to Count 1 through Count 6 is against the sufficiency and weight of the evidence when the Commonwealth was unable to provide evidence to prove [Appellant] is guilty of these crimes beyond a reasonable doubt."  Appellant's brief at 6 (some capitalization altered).

Plainly, he continues to challenge both the sufficiency and weight of the evidence, though he now purports to do so via a single claim.  This is improper,

---

[1] Appellant certified in his notice of appeal that the complete jury trial transcript had not been entered of record.  However, as noted, this assertion is belied by the docket entries indicating that all three volumes were filed on June 26, 2024, the day after he filed his post-sentence motion.

as it is well-settled that these challenges are wholly distinct, with separate standards of review and types of relief. *See Commonwealth v. Spence*, 290 A.3d 301, 310 (Pa.Super. 2023). Nonetheless, before we address the merits of these claims, we must first determine whether Appellant has preserved them for our review. *See Commonwealth v. Rivera*, 238 A.3d 482, 498 (Pa.Super. 2020).

We begin with his sufficiency challenge. This Court has held that to preserve such a claim, the Rule "1925(b) statement needs to specify the element or elements upon which the evidence was insufficient. This Court can then analyze the element or elements on appeal. Where a [Rule] 1925(b) statement does not specify the allegedly unproven elements, the sufficiency issue is waived on appeal." *Commonwealth v. Bonnett*, 239 A.3d 1096, 1106 (Pa.Super. 2020) (cleaned up). *But see Commonwealth v. Smyser*, 195 A.3d 912, 916 (Pa.Super. 2018) (addressing merits despite a boilerplate Rule 1925(b) statement because the appellant was convicted of multiple counts of a single offense and "his sufficiency challenge present[ed] a question of law that the trial court readily apprehended").

Instantly, Appellant was convicted of aggravated indecent assault of a child, unlawful contact with a minor, indecent assault, endangering the welfare of children, and corruption of minors. Each of these crimes contains multiple elements. Appellant did not specify in his Rule 1925(b) statement which elements of which crimes were insufficiently proven by the Commonwealth. Indeed, he provides no further elaboration in his brief, merely stating that

"[t]he Commonwealth failed to present sufficient evidence as to" each count, and then defining each crime without discussion as to the purportedly unproven elements in his case. **See** Appellant's brief at 16-17. Accordingly, we deem Appellant's sufficiency challenges as to his six convictions to be waived.[2] **See Bonnett**, 239 A.3d at 1106 (finding sufficiency challenge to second-degree murder, first-degree murder, and arson waived for failing to specify the unproven elements).

Appellant next argues that the verdict was against the weight of the evidence based upon testimony that E.S.'s mother did not believe her and that Appellant was not acting unusual later that day. **See** Appellant's brief at 17. However, his post-sentence motion only asserted, in boilerplate fashion, that the verdict was against the weight of the evidence. This was inadequate to preserve the issue. **See Rivera**, 238 A.3d at 497 (reiterating that a post-sentence motion merely claiming that "'the verdict was against the weight of

_____

[2] We recognize that the Commonwealth concedes the evidence was insufficient to prove Appellant was guilty of unlawful contact with a minor because there was no evidence that he communicated with E.S. to accomplish the sexual assaults and 18 Pa.C.S. § 6318 "does not criminalize inappropriate touching of minors[.]" **Commonwealth v. Strunk**, 325 A.3d 530, 542 (Pa. 2024). Rather, it "is intended to criminalize and punish communication designed to induce or otherwise further the sexual exploitation of children." **Id**. at 543. However, Appellant neither raised this particular issue nor developed any argument in support thereof in this direct appeal, and we are not bound by the Commonwealth's concession. Thus, since it is not this Court's responsibility to carry Appellant's burden of convincing us he is entitled to relief, we decline to scour the record to confirm whether the claim is meritorious. **See Commonwealth v. Hardy**, 918 A.2d 766, 771 (Pa.Super. 2007) ("This Court will not act as counsel and will not develop arguments on behalf of an appellant." (cleaned up)).

the evidence,' will preserve **no** issue for appellate review unless the motion goes on to specify . . . **why** the verdict was against the weight of the evidence" (cleaned up, emphases in original)).

As relayed by the trial court, Appellant's lack of explanation in his post-sentence motion precluded it from conducting a substantive analysis of his weight claim. Since this Court only reviews the trial court's discretion in ruling upon a weight claim, not the merits of the underlying challenge itself, there is no discretion for us to consider here. *Id*. at 498 (explaining that "when an appellate court reviews a weight claim, the court is reviewing the exercise of discretion by the trial court, not the underlying question of whether the verdict was against the weight of the evidence"). Accordingly, Appellant's weight claim is also waived. *Id*. at 497 (agreeing with trial court that weight claim was waived where post-sentence motion only provided boilerplate weight claim without analysis or discission).

Appellant has not presented us with any challenge that we can review. Therefore, we affirm his judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

_____
Benjamin D. Kohler, Esq.
Prothonotary

Date: 08/15/2025

- 6 -