J-S02005-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JESUS MANUEL SANTIAGO | : | |
| | : | |
| Appellant | : | No. 93 EDA 2024 |

Appeal from the Judgment of Sentence Entered June 28, 2023
In the Court of Common Pleas of Monroe County Criminal Division at
No(s):  CP-45-CR-0000429-2022

BEFORE:  LAZARUS, P.J., DUBOW, J., and McLAUGHLIN, J.

MEMORANDUM BY LAZARUS, P.J.:               **FILED MARCH 21, 2025**

Jesus Manuel Santiago appeals from the judgment of sentence, entered in the Court of Common Pleas of Monroe County, following his conviction of one count of theft by unlawful taking.[1]  Santiago's counsel, Ángela-Patricia Ramos, Esquire, has filed an application to withdraw as counsel and an accompanying **Anders**[2] brief.  Upon review, we grant Attorney Ramos's application to withdraw and affirm Santiago's judgment of sentence.

The trial court summarized the factual history of this matter as follows:

[Santiago's conviction stems] from an encounter between Veree Hilton ("Hilton") and [Santiago] in a Wawa parking lot on October 3, 2021.  [At trial, Hilton testified that] he pulled into the Wawa

_____

[1] 18 Pa.C.S.A. § 3921(a).

[2] **Anders v. California**, 368 U.S. 738 (1967); **Commonwealth v. McClendon**, 434 A.2d 1185 (Pa. 1981); **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009).

parking lot and engaged in conversation with [Santiago]. It is important to note that [Santiago] had not been named at this point of Hilton's testimony, and as such, there was [a hearsay] objection to the "content of the conversation." [Santiago] sought to use Hilton's cellphone because, as [Santiago] had explained, he was recently discharged from a nearby facility and could not return home to Allentown or contact anyone. . . . While Hilton was in the Wawa acquiring a charger for his phone, he observed his vehicle, later identified as a grey Chevrolet Cruz[,] backing out of the parking lot and proceeding to pull off. [Hilton called the police.] When Hilton was asked to identify who inappropriately procured his vehicle, Hilton identified [Santiago] in the [c]ourtroom. . . .

The next witness that was called was Trooper Scott Walck [, who responded to Hilton's call reporting the stolen vehicle. In the course of his investigation, [Trooper] Walck located a geographically close rehab facility, Pyramid Health, from which one person had been discharged] on that very day. [Trooper] Walck was then asked if he had received any identifying information about the individual discharged, to which he answered in the affirmative. There was an objection to an alleged Health Insurance Portability and Accountability Act [("HIPAA")] violation that was ultimately overruled. Once overruled, the officer identified [Santiago] as [the individual] recently released from Pyramid Health. After this, the Commonwealth introduced[] discharge papers from that rehab facility indicating the discharge date for [Santiago] to be October 3, 2021. Again, counsel for the defense raised a similar [HIPAA] objection[, which] the Court ultimately overruled[]. After this, [Trooper] Walck [testified that he obtained surveillance video from the Wawa]. Upon [the] Commonwealth's attempt to admit the video[], another objection was made based on lack of authentication; however, [the video] was ultimately admitted into evidence. On October 4, the [stolen] vehicle was found in Allentown by Allentown City Police. [Trooper Walck testified that he performed a forensic analysis of DNA material in the vehicle and collected DNA from Santiago.]

[The n]ext witness called was [Officer] Paul McAdams, an officer for the Allentown police department. . . . [Officer McAdams] explained that [a passenger in the stolen vehicle] gave him a description of the person driving the vehicle [], which matched the description [of Santiago] that Hilton had provided the day before. . . .

Next to the stand was Ut Dinh[3] [], who [] was admitted as an expert in the analysis of DNA [and testified that Santiago's DNA matched DNA that was found in the stolen vehicle]. . . . This concluded the Commonwealth's case.

[Santiago testified in his own defense] that[,] although he has similar counts on his record to the one pending against him[], those were [committed by] his brother, as was [this particular offense]. [H]e claimed that his brother was released from the rehabilitative facility, and his brother stole his I.D. to check in and out. It was determined on cross-examination that [Santiago] was convicted of false identification in January of the year prior. It was also determined that he [had previously been] convicted of unauthorized use of a motor vehicle[, driving under the influence, and theft].

Trial Court Opinion, 5/17/24, at 1-6 (unpaginated).

Santiago was charged with the above-mentioned count of theft by unlawful taking and two related lesser offenses[4] that were later withdrawn by the Commonwealth. On April 28, 2023, Santiago proceeded to a non-jury trial, following which the trial court found him guilty and, on June 28, 2023, sentenced him to 27 to 84 months' incarceration. On July 7, 2023, Santiago filed a motion to reconsider sentence, arguing that he was afforded insufficient credit for time served. On November 28, 2023, after a hearing, the trial court granted Santiago's motion in part and granted him a total time credit of 246 days.

Santiago filed a timely notice of appeal and a court-ordered Pa.R.A.P. 1925(b) concise statement of errors complained on appeal. Attorney Ramos

---

[3] Dinh is a forensic scientist employed with the Pennsylvania State Police's Forensic DNA Division. N.T. Trial, 4/28/23, at 59-60.

[4] 18 Pa.C.S.A. § 3928(a) (unauthorized use of a motor vehicle); 75 Pa.C.S.A. § 1543 (operating a motor vehicle while privilege is suspended or revoked).

subsequently filed with this Court an application to withdraw as counsel and a brief pursuant to *Anders*. Santiago filed a *pro se* response to counsel's *Anders* brief.

When counsel files an *Anders* brief, and appellant files a *pro se* or counseled response, this Court will first determine whether counsel has complied with the dictates of *Anders*. *See Commonwealth v. Bennet*, 124 A.3d 327, 333 (Pa. Super. 2015) (outlining proper procedure where counsel files *Anders* brief and appellant files *pro se* response). If counsel has complied with the dictates of *Anders* and *Santiago*, we will address the issues raised in the *Anders* brief and conduct our independent examination of the record as to those issues. *See id.* Finally, if we determine those issues to be without merit, we next examine the appellant's *pro se* allegations. *See id.* As to appellant's *pro se* allegations, when an advocate's brief has been filed, "[this] Court is limited to examining only those issues raised and developed in the brief[; we] do not act as, and are forbidden from acting as, appellant's counsel." *Id.*

Pursuant to *Anders*, when counsel believes that an appeal is frivolous and wishes to withdraw from representation, she must:

> (1) petition the court for leave to withdraw stating that after making a conscientious examination of the record and interviewing the defendant, counsel has determined the appeal would be frivolous, (2) file a brief referring to any issues in the record of arguable merit, and (3) furnish a copy of the brief to defendant and advise him of his right to retain new counsel or to raise any additional points that he deems worthy of the court's attention. The determination of whether the appeal is frivolous remains with the court.

*Commonwealth v. Burwell*, 42 A.3d 1077, 1083 (Pa. Super. 2012) (citation omitted).

Additionally, the Pennsylvania Supreme Court has explained that a proper *Anders* brief must:

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361.

After determining that counsel has satisfied the technical requirements of *Anders* and *Santiago*, this Court must then "conduct a simple review of the record to ascertain if there appear[] on its face to be arguably meritorious issues that counsel, intentionally or not, missed or misstated." *Commonwealth v. Dempster*, 187 A.3d 266, 272 (Pa. Super. 2018) (en banc).

Instantly, our review of counsel's *Anders* brief and application to withdraw reveals that Attorney Ramos has complied with each of the technical requirements of *Anders*/*Santiago*. Attorney Ramos indicates that she has made a conscientious examination of the record and determined that an appeal would be frivolous. The record further reflects that Attorney Ramos has furnished a copy of the *Anders* brief to Santiago and advised Santiago of

his right to retain new counsel, proceed *pro se*, or raise any additional points that he deems worthy of this Court's attention. Additionally, the **Anders** brief complies with the requirements of **Santiago**. As Attorney Ramos has complied with all of the requirements for withdrawing from representation, we will examine the record and make an independent determination of whether Santiago's appeal is, in fact, wholly frivolous.

In the **Anders** brief, Attorney Ramos raises three issues. **See Anders** Brief, at 5. In the first issue, Santiago challenges the trial court's evidentiary ruling admitting Hilton's hearsay testimony. **Id.** at 11. Santiago argues that because Hilton testified to Santiago's hearsay statements before identifying him as the suspect, the evidence was inadmissible and the trial court improperly applied the relevant hearsay exception. **Id.**

Our standard of review for a challenge to the court's admission of evidence is well-established:

> The admission or exclusion of evidence is within the sound discretion of the trial court, and in reviewing a challenge to the admissibility of evidence, we will only reverse a ruling by the trial court upon a showing that it abused its discretion or committed an error of law. Thus[,] our standard of review is very narrow. To constitute reversible error, an evidentiary ruling must not only be erroneous, but also harmful or prejudicial to the complaining party.

**Commonwealth v. Lopez**, 57 A.3d 74, 81 (Pa. Super. 2012) (citations and quotation marks omitted). We note that "a trial court, acting as the finder of fact, is presumed to know the law, ignore prejudicial statements, and

disregard inadmissible evidence." ***Commonwealth v. Smith***, 97 A.3d 782, 788 (Pa. Super. 2014).

Under Pennsylvania Rule of Evidence 803, hearsay testimony is admissible if: (1) the statement is offered against an opposing party, and (2) it was made by the declarant in an individual capacity. ***See*** Pa.R.E. 803(25)(A); ***see Commonwealth v. Edwards***, 903 A.2d 1139, 1157-58 (Pa. 2006) ("[T]his Court has consistently held that a defendant's out-of-court statements are party admissions and are exceptions to the hearsay rule.").

Instantly, prior to overruling the hearsay objection and admitting Hilton's hearsay testimony, the trial court asked Hilton whether "the person . . . making these statements was the person who eventually . . . stole your car," to which Hilton responded in the affirmative. N.T. Trial, 4/28/23, at 8. Therefore, the trial court properly admitted the testimony as a statement offered against an opposing party.[5] ***See*** Pa.R.E 803(25)(A). Furthermore, the trial court is presumed to have ignored any inadmissible evidence or prejudicial statements. ***See Smith***, 97 A.3d at 788. As such, we discern no abuse of discretion by the trial court. ***See Lopez***, 57 A.3d at 81.

---

[5] We acknowledge that, in its Rule 1925(a) opinion, the trial court justified its decision to admit the evidence on the basis of a different hearsay exception. ***See*** Trial Court Opinion, 5/17/24, at 7-8 (unpaginated). Nevertheless, we may affirm the decision of the trial court on any basis, so long as the record supports it. ***Commonwealth v. Martin***, 205 A.3d 1247, 1248 n.3 (Pa. Super. 2019).

In his second issue, Santiago again challenges an evidentiary ruling made by the trial court, arguing that evidence provided by Pyramid Health was inadmissible because it was obtained in violation of HIPAA. **Anders** Brief, at 25.

As Attorney Ramos points out, this Court has already addressed that HIPAA does not have evidentiary implications and serves only to create a mechanism for imposing penalties against covered entities that violate the statute. **Id.** at 30-31; **see Commonwealth v. Williams**, 176 A.3d 298, 318 (Pa. Super. 2017) ("HIPAA violations are punished through the imposition of civil and criminal penalties against covered entities. There is no right to private action or relief for HIPAA violations.") (internal citations omitted); **see also Commonwealth v. Kresge**, 240 A.3d 905, 916 (Pa. Super. 2020) ("HIPAA does not create an evidentiary privilege[.]"). There is no legal basis to support the conclusion that HIPAA violations are grounds for the exclusion of evidence at trial. **Anders** Brief, at 32-33. This issue is, therefore, without merit.

In his third issue, Santiago challenges the sufficiency of the evidence supporting his conviction of theft by unlawful taking.[6] **Id.** at 33. Specifically,

---

[6] A person commits the offense of theft by unlawful taking if "he unlawfully takes, or exercises unlawful control over, movable property of another with intent to deprive him thereof." 18 Pa.C.S.A. § 3921(a).

Santiago argues that there was insufficient evidence at trial to identify him as the perpetrator. *Id.*

When examining a challenge to the sufficiency of the evidence, we adhere to the following standard of review:

> The standard we apply in reviewing the sufficiency of the evidence is whether[,] viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying [the above] test, we may not [re-]weigh the evidence and substitute our judgment for [that of] the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that[,] as a matter of law[,] no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the [trier] of fact[,] while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part[,] or none of the evidence.

*Smith*, 97 A.3d at 790 (citation omitted).

It is well-settled that in any prosecution, the Commonwealth must establish the identity of the defendant as the perpetrator of the offenses beyond a reasonable doubt. *See Commonwealth v. Smyser*, 195 A.3d 912, 915 (Pa. Super. 2018). Generally, any indefiniteness or uncertainty in identification evidence goes to the weight, not the sufficiency, of the evidence. *See Commonwealth v. Orr*, 38 A.3d 868, 874 (Pa. Super. 2011) (en banc). As with any element of an offense, the Commonwealth may sustain its burden

of proving the defendant's identity as the perpetrator of the offenses by circumstantial evidence. **See Smyser**, 195 A.3d at 915.

The trial court concluded that there was ample identification evidence presented at trial, including "DNA analysis, video surveillance, and eyewitness testimonies." Trial Court Opinion, 5/17/24, at 13 (unpaginated). After a thorough review of the record, we agree with the trial court that the Commonwealth presented sufficient and conclusive evidence of Santiago's identity. **See Smith**, 97 A.3d at 790. The record establishes both direct and circumstantial evidence linking him to the stolen vehicle: identification by the victim; discharge papers from Pyramid Health; surveillance video from the Wawa; identification by a passenger in the vehicle; and DNA evidence. **See** N.T. Trial, 4/28/23, at 9, 27-28, 45-47, 65-70. Accordingly, Santiago's challenge to the sufficiency of the evidence is wholly frivolous.

Finally, our independent review of the record discloses no other "arguably meritorious issues that counsel, intentionally or not, missed or misstated." **Dempster**, 187 A.3d at 272.[7]

---

[7] Attorney Ramos also identifies an additional issue that Santiago did not raise in his Rule 1925(b) statement: she argues that this protected health information obtained in violation of HIPAA should have been suppressed based on Article I, Section 8 of the Pennsylvania Constitution. **Anders** Brief, at 38. However, as Attorney Ramos candidly admits, Santiago did not file an omnibus pretrial motion or make an oral suppression motion on the record. **Id.** Thus, this issue is waived on appeal, and we make no determination on whether it is meritorious. **See** Pa.R.A.P. 302(a) ("Issues not raised in the trial court are waived and cannot be raised for the first time on appeal.").

We now turn to Santiago's issues, raised in his *pro se* response. In his response, Santiago challenges the police officers' account of the investigation and reiterates that he "did not steal any car." **See** *Pro Se* Response to **Anders** Brief, 2/12/25, at 1-2 (unpaginated). Santiago's entire *pro se* response is two pages in length. He does not advance any additional argument, nor does he cite to relevant legal authority. **See id.** Accordingly, we conclude that Santiago has waived these claims. **See Bennet**, 124 A.3d at 333; **see also Commonwealth v. Rivera**, 685 A.2d 1011, 1013 (Pa. Super. 1996) (this Court does not review wholly inadequate brief that fails to comply with guidelines in Pa.R.A.P. 2111(a)); Pa.R.A.P. 2119(a) (argument section shall include "such discussion and citation of authorities as are deemed pertinent.")). As such, we grant Attorney Ramos's application to withdraw and affirm the judgment of sentence.

Judgment of sentence affirmed. Application to withdraw granted.

Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary

Date: 3/21/2025

- 11 -